## MARTIN *against* McCORMICK

Where the owner of real estate which had been sold for taxes but regularly redeemed from the sale, under a mistaken representation of the purchaser that he had received a conveyance which had become absolute, purchases his title of the latter, the price paid may be recovered as money paid by mistake. In such a case the purchaser at the tax sale having no title, his deed afforded no consideration to the owner of the land for the price paid.

The appeal in this action was from a judgment of the superior court of the city of New York. The questions decided arose upon the pleadings. The following were the facts:

In 1839, the plaintiff became the owner in fee simple of a house and lot in the city of New York, worth six thousand dollars. On the first day of October, 1842, they were sold by order of the Mayor, Aldermen and Commonalty of the city, for the taxes assessed upon them for the years 1835, 1836 and 1838, amounting in the aggregate including interest and costs to $105·70. The defendant bid them in for the term of one hundred years, and thereby became entitled to a lease thereof on the first day of October, 1844, no redemption having then been made. In fact he did not obtain the lease, supposing that it was unnecessary for him to receive it before he should give the notice to the tenant to redeem under the provisions of chapter 230 of the laws of 1841. On the twelfth day of October, 1844, he caused the notice required by the statute, that the premises had been sold for the taxes and conveyed to him for one hundred years, and that unless he redeemed them within six months the conveyance would become absolute. The plaintiff a few days after the expiration of six months from the service of the notice, paid into the office of the comptroller of the city for the defendant and in redemption of the

premises, the sum necessary for that purpose, but shortly after the payment the comptroller and the defendant informed him that the payment was at too late a day for redeeming, and that the conveyance to the defendant had become absolute, and the comptroller repaid to him the money, the defendant refusing to receive it.

On the first of July, 1845, the conveyance in pursuance of the bid at the tax sale, was made to the defendant.

On the third of July, 1845, the plaintiff believing the information conveyed in the notice served upon him in October, 1844, was true, and that the time to redeem the premises from the sale had expired before he paid the money to the comptroller in April, 1845, and that the defendant had thereby acquired an absolute title to the premises for the term of one hundred years, he purchased the lease and such term of the defendant, and paid him therefor $1800. This sum he sought to recover as money received by the defendant to his use.

The defendant did not deny the fact that at the time the notice was given, October 12, 1844, the conveyance had not been made to him, but alleged that he was informed by the clerks in the comptroller's office that it was ready for him and that it made no difference whether he had it or not, and that at the time he sold his lease to the plaintiff, he was not aware that his conveyance had not become absolute. He also insisted that the lease was to be construed as of full force from its date, the first day of October, 1844, when he was entitled to receive it.

The action was tried before Mr. Justice MASON, at special term, who ordered a judgment for the defendant which was affirmed at general term. (*See* 4 *Sand.* 366.) The plaintiff appealed to this court.

*E. S. Van Winkle* for appellant.

*J. T. Brady* for respondent.

Martin *against* McCormick.

Johnson, J., delivered the opinion of the court. In this case the defendant was in possession of an instrument under the seal of the corporation of the city of New York, by which there purported to be created in him an estate for the term of one hundred years, in a house and lot of land in the city of New York. The plaintiff was at the time in possession of the house and lot, claiming to be and being seized thereof in fee, unless the lease held by the defendant created a valid term for years in him. The defendant as matter of fact believed, the lease did give him the term which it purported to convey. The plaintiff also so believed, and thereupon a bargain was entered into between them in pursuance of which the plaintiff paid the defendant $1800, and received in consideration thereof an assignment of the term. The plaintiff now seeks to recover back this money upon the general ground, that the defendant, notwithstanding his apparent interest in the premises, had no estate in them whatever, the lease from the corporation being invalid, and that he purchased the lease and paid the money under an entire misapprehension and mistake as to the facts upon which depended the validity or invalidity of the defendant's lease.

This is not the case of money paid by a party under a mistaken idea of the existence of a legal obligation binding him to pay it; nor that of a party seeking to resist the performance of an executory contract to pay money, entered into under such circumstances of mistake. Of this latter sort was *Bell* v. *Gardiner*, (4 *Man. & Gr.* 11,) in which the action was upon a promissory note given by the defendant for the amount of a bill of exchange on which defendant was endorser, but which had been altered after endorsement, whereby he ceased to be liable. The jury found that the defendant when he gave the note had no knowledge of the alteration, but the judge refused to submit to them the question whether the defendant had the means of knowledge. All the judges held that, this being only a promise to pay, the defendant's position was much stronger

than if he had been plaintiff in an action to recover back the money; but as the case had been argued on its analogy to a claim to recover back money paid, they considered it in that light also, and approved of *Kelly* v. *Solari*, (9 *M. & W.* 54,) in which they held it to have been determined, that in an action to recover back money paid under a mistake of facts, it was not necessary to negative means of knowledge as well as knowledge of the true state of the facts.

*Kelly* v. *Solari*, belonged to the former class. It was an action to recover back the amount paid by an insurance company upon a life policy, which the insured had by mistake permitted to expire. The fact that it had lapsed was known to the officers of the company, who afterwards having forgotten the fact paid the loss. The court held that this fact of forgetting was no answer to the action. It is not necessary to pursue this line of cases, for they do not touch any ground upon which this plaintiff can succeed. He has entered into a contract which has been executed, and his position is that of one seeking to rescind the contract and get back the consideration paid. No case of fraud is pretended, McCormick and the plaintiff both believed that the lease was valid, and one bought and the other sold under that belief.

The parties did not deal with each other upon the footing of the compromise of a doubtful or doubted claim, but upon the ground of a conceded right in the defendant. He was assumed by both of them to have become the owner of a term for one hundred years in the premises in question, and the parties dealt with each other upon that basis for the sale and purchase of that interest.

Then as to the subject matter upon which the sale was to operate, the plaintiff having actually redeemed the premises before the execution of the lease to the defendant, the authority to convey which the corporation had acquired was defeated, and their lease was wholly inoperative to confer upon the defendant any right whatever, and

Martin *against* McCormick.

had no more significance or efficacy in law than if it had remained unexecuted. It follows, that the assignment executed by McCormick to Martin did not convey to him any right. The subject matter to which it related had no existence. The plaintiff in my judgment occupies the same position which any other person would have occupied who had dealt with the defendant for the term of one hundred years, and become the purchaser of it.

Now the term which was the subject of the contract, contrary to the supposition of both parties had no existence, and in all that class of cases where there is mutual error as to the existence of the subject matter of the contract, a rescission may be had; (1 *Story Eq.* § 141, 142, 143.) The case of *Hitchcock* v. *Giddings*, (4 *Price* 135,) was a bill by a vendee of a remainder in fee expectant upon an estate tail. A recovery had been suffered at the time of the contract, though both parties were ignorant of the fact, and there had been no fraud from knowledge or concealment of the fact, and it was decreed that a bond given for the purchase money should be delivered up, and the interest which had been paid upon it should be refunded.

I do not see how the principle of this case can be distinguished from that at bar; for surely it can be no ground of difference in result, that in the one case an estate which had once existed had at the time of the contract come to an end, while in the other the estate which was the subject of the contract had no existence at any time. *Allen* v. *Hammond*, (11 *Pet.* 71.)

The judgment below should be reversed, and the sale be declared rescinded, &c.


RUGGLES, Ch. J., and GARDINER, JEWETT, TAGGART MORSE and WILLARD, JJ., concurred.


MASON, J., was in favor of modifying the judgment of the superior court, so as to dismiss the complaint without

prejudice to an action for specific relief, by avoiding the contract for the purchase of the lease.

Judgment reversed, &c.