ALBERT O. WHITTEMORE, Appellant, *v.* JAMES B. FARRINGTON, Respondent.

Where one, who under a verbal agreement for the conveyance to him of lands, is entitled to insist upon a good title and a deed with covenants, pays the consideration and is tendered a deed without covenants, which he, after demand and refusal of a deed conforming to the agreement, accepts, believing the title to be clear, goes into possession, and continues to occupy and improve the premises, and an incumbrance, unknown at the time to either party, is thereafter discovered, in the absence of fraud, no legal liability rests upon the grantor, nor is the grantee entitled to any equitable relief.

The acceptance of the deed in such case cannot be set aside on the ground of mistake, as there was no mistake as to its contents; the acceptance also constituted a full execution of the prior oral agreement, which is merged in the deed, and equity cannot decree a second performance.

The jurisdiction of a court of equity to reform a written instrument, in a case free from fraud, can only be exercised where it appears clearly that there has been a mutual mistake on the part of the parties as to the contents of the instrument itself. Where both knew its character and contents when they executed it, it cannot be reformed merely because one of the parties was entitled to and would have exacted a different instrument had he known of extrinsic facts rendering it to his interest so to do.

(Argued February 19, 1879; decided March 18, 1879.)

APPEAL from order of the General Term of the Supreme Court, in the third judicial department, reversing a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term, and directing a new trial. (Reported below, 12 Hun, 349.)

This action was brought to set aside and rescind an alleged agreement between the parties for an exchange of lands, and for a reconveyance of the lands deeded under said agreement, or that defendant be required to remove incumbrances on the lands deeded by him under said agreement.

The facts appear sufficiently in the opinion.

*M. M. Mead*, for appellant. Plaintiff having accepted the deed under a mutual mistake, and claim by defendant that it gave a perfect title, the latter is bound to fulfill his agreement and give a perfect title. (*Weller* v. *Yates*, 44 N. Y., 525; *Wilson* v. *Van Pelt*, 17 Alb. L. J., 109; Story on Conts. [3d ed.], §§ 409, 410; *Smith* v. *Mackin*, 4 Lans., 41, 44, 45; *Rosevelt* v. *Dale*, 2 Cow., 129; *Hammond* v. *Pennock*, 5 Lans., 358; 64 Barb., 71; 58 id., 236; *Belknap* v. *Sealey*, 14 N. Y., 143; *Boid* v. *De La Montagnie*, 4 S. C. R., 148, 152; 63 N. Y., 455; *Kyle* v. *Kavanagh*, 4 Am., 560, 562, 563; 2 Keyes, 304, 316; 40 N. Y., 391; *Champlin* v. *Saylin*, 18 Wend., 406, 409, 410, 421; *Gillespie* v. *Moon*, 2 J. Ch., 585, 596; *Calkins* v. *Griswold*, 11 Hun, 208; 67 N. Y., 231, 235, 283; 69 id., 577; Story Eq. Jur., 193; *Denston* v. *Morris*, 2 Edw. Ch., 37; 36 Barb., 377; 3 Keyes, 126; *Tate* v. *Norton*, 16 Alb. Law Jour., 66; 67 N. Y., 236; 4 Lans., 41, 44; *Kent* v. *Manchester*, 29 Barb., 595; *Wilson* v. *Randall*, 7 Hun, 15; *Johnson* v. *Hathorn*, 3 Keyes, 126; *Bennett* v. *Abrams*, 41 Barb., 619, 623; 7 Hun, 623, 627; *Gray* v. *Gannon*, 4 Hun, 57, 60; 44 N. Y., 525; 3 Keyes, 126; *Morris* v. *Whitcher*, 20 N. Y., 41; 59 id., 244.) Defendant may be compelled to give a warranty deed according to his agreement, and plaintiff can then rely on the covenants in the deed. (29 Barb., 595, 597, 44 N. Y., 525, 530; *Lester* v.

*Foxcroft*, Eq. Lead. Cas., 507; *Pitcher* v. *Hennesey*, 48 N. Y., 415, 423, 424; 27 Barb., 638; *Johnson* v. *Halhone*, 3 Keyes, 126; *Bk. Norwalk* v. *Lanier*, 7 Hun, 623, 627; *Bush* v. *Hicks*, 60 N. Y., 298, 302; *Rider* v. *Powell*, 28 id., 310, 314.) The court may require defendant to pay the mortgage and release the lands from the lien of it, and defendant can look to the mortgagor on his bond for the amount. (*Graves* v. *Brinkerhoff*, 6 T. & C., 630, 631; 41 Barb., 619, 626; 26 id., 423, 427, 428, 429.)

*J. McGuire*, for respondent. Plaintiff's acceptance of the quit-claim deed, with full knowledge that it was such, and in the absence of fraud, artifice or misrepresentation, is, in effect, a performance and satisfaction of the agreement under which it was given. (*Burwell* v. *Jackson*, 9 N. Y., 545; *Sanford* v. *Travers*, 40 id., 143; *Delevan* v. *Duncan*, 49 id., 485; *Bates* v. *Delevan*, 5 Paige, 300; *Banks* v. *Walker*, 2 San. Ch., 348; 2 Kent Com., 473; 4 id., § 140; 1 R. S., 739, § 140; *Hammond* v. *Pennock*, 61 N. Y., 145.) Even if there were fraud, plaintiff could only recover for the damages actually sustained. (*Kempshall* v. *Stone*, 5 J. Ch., 193; *Wiswall* v. *McGowan*, 2 Barb., 270.) Plaintiff had no claim for damages or relief until a disturbance of his possession by a paramount title. (*Bumpus* v. *Platner*, 1 J. Ch., 218 ; *Banks* v. *Walker*, 2 Sand. Ch., 384; *Welsey* v. *Dennis*, 44 Barb., 362.) Both parties having dealt in mutual ignorance of the fact that the mortgage existed, and upon the supposition that each had a perfect title, and the bargain having been completed, equity will not relieve from the consequences of such mutual error. (2 Kent Com., § 473; *Bates* v. *Delevan*, 5 Paige, 306–307; 1 Story's Eq. Jur., §§ 118, 146, 151; 1 Geo. Decis., 98; *Grymes* v. *Sanders*, 93 U. S., 55; *Stoddart* v. *Hart*, 23 N. Y., 556; *Gardner* v. *Bird*, 57 Barb.)

RAPALLO, J. It appears from the findings that in November, 1873, the plaintiff and defendant made a verbal agree-

ment for an exchange of lands, under which agreement the plaintiff, with the consent of the defendant, entered into possession of the lands which he, the plaintiff, was to receive, and made valuable improvements thereon.   In December, 1873, the plaintiff performed his part of the agreement by delivering to the defendant deeds of the lands which the defendant was to receive under the agreement.   These deeds contained covenants of warranty and at the time of delivering them the plaintiff stated that he should expect a warranty deed of the land which the defendant was to convey. The judge finds that by the verbal agreement of exchange the defendant was bound to convey a good title free from incumbrances, and that, having accepted warranty deeds from the plaintiff, knowing that the plaintiff understood the agreement to be that each was to give a warranty deed to the other, and the plaintiff having acted on that understanding the defendant was bound by the agreement as the plaintiff understood it.   This is in substance a finding that the defendant agreed to give a warranty deed.   In January, 1874, as is found by the judge, the defendant sent by mail to the plaintiff a quit-claim deed, which the plaintiff returned by mail for a verbal correction, at the same time requesting a warranty deed.   The correction was made by the defendant and the same deed returned to the plaintiff, the defendant declining to give a warranty deed.   The judge further finds, that the plaintiff then supposing and believing, and having good reason, and being induced by the defendant to suppose and believe, that the deed conveyed a good and perfect title and that there were no incumbrances on the premises, accepted said deed and had it recorded, and has ever since continued in possession of the premises through his tenants and has made valuable permanent improvements thereon.

After the delivery and acceptance of the quit-claim deed it was discovered that, at the times of making the agreement for the exchange, and of the delivery of the deeds, the premises conveyed by the defendant were subject to a mort-

gage, unknown to both parties, which was and still is a lien
upon said lands, and the object of this action is to compel
the defendant to undo the transaction or discharge that
mortgage. The trial judge decided that the plaintiff was
not entitled to a judgment rescinding the transaction. He
also held that the plaintiff was required by law to examine
for himself, or to insist upon such covenants as would fully
protect him in regard to the title, and that having received
and accepted the quit-claim deed he must be deemed to have
done so in full satisfaction and performance of the parol
agreement. But he further held, that under the circum-
stances of the case the plaintiff was entitled to relief in equity
from the legal effect of his acceptance of the quit-claim
deed, and to have a specific performance of the parol agree-
ment adjudged and decreed, and he awarded judgment that
the defendant execute and deliver to the plaintiff a deed with
covenants of warranty and against incumbrances, or that he
remove the mortgage as a lien on the property.

This is in substance a judgment reforming the deed by
inserting therein covenants of warranty and against incum-
brances, unless the defendant discharge the mortgage.

The grounds upon which this conclusion is based are, as
stated by the learned judge in his findings, that the defend-
ant delivered the quit-claim deed and the plaintiff accepted
it under a mutual mistake of facts, viz. : in ignorance of the
fact that the mortgage existed and was a lien upon the mill
property, and the plaintiff believing, and having good reason,
from the acts of the defendant, to believe that such deed
conveyed a good title, and that there was no incumbrance
thereon, and being guilty of no negligence in not examining
the title.

It must be observed that in this case the element of fraud
is entirely wanting. The judge in his findings states in one
place that the plaintiff was induced by the defendant to sup-
pose and believe that the quit-claim deed conveyed a good
and perfect title and that there were no incumbrances, and
in another place that the plaintiff had good reason from the

acts of the defendant, so to believe; but the only act of the defendant referred to in the findings in support of these statements is that at the time of the agreement for the exchange, the defendant, who had just previously purchased the premises at a foreclosure sale, told the plaintiff that he would have the referee's deed made out to plaintiff, and represented that to be the best title he could have. The only evidence in the case touching this point is that the defendant proposed to have the referee's deed made out to plaintiff, saying that a sheriff's deed was the best kind of a deed as nothing could go behind it. Nothing else appears to have been said between the parties touching the title, or incumbrances, until months after the quit-claim deed had been accepted, and after the incumbrance had been discovered. The judge expressly finds, that at the time of the delivery of the deed neither party had any knowledge or information of any incumbrance upon the property, but both believed that the quit-claim deed conveyed a perfect title. Under these findings no question of fraud can arise in the case.

The question is then reduced to this. A party who, under a verbal agreement for the conveyance to him of lands, is entitled to insist upon a good title, and a deed with covenants, pays the consideration and is then tendered a deed without covenants. He demands a deed with covenants and this is refused. He then accepts the deed without covenants, and, believing the title to be clear, records it, and continues to occupy and improve the property. An incumbrance unknown at the time to both parties is afterwards discovered. Both parties are innocent of any fraud. It is conceded that no legal liability rests upon the grantor in such a case. (*Bates* v. *Delavan*, 5 Paige, 300, 307; *Burwell* v. *Jackson*, 9 N. Y., 535.)

In the absence of fraud or covenants a purchaser takes the title at his own risk. Then do the facts stated entitle the plaintiff to any equitable relief? We think not. The theory of the judgment is that the acceptance of the quit-claim deed in performance of the contract of exchange may be set aside

on the ground of mistake, and the contract treated as still executory, and a new performance, in a different manner, be decreed. The theory is ingenious, but is not founded upon any legal precedent or principle. In the first place there was no mistake as to the character of the deed which was tendered and accepted. The grantee knew that by accepting it he took the risk of any defect in the title which might be discovered. He was not led into accepting it by any deception or suppression on the part of the grantor. Secondly the delivery and acceptance of the deed constituted a full execution of the prior parol contract. The title to the land passed under the deed and the original contract was merged in it. After a contract has been thus fully performed there can be no jurisdiction in equity to decree a second performance. In a proper case equity has jurisdiction, on the ground of mistake, to reform the instrument or deed by which a prior contract has been executed or performed, but to authorize the exercise of this jurisdiction there must have been a mutual mistake as to the contents of the instrument sought to be reformed, or else mistake on one part and fraud upon the other.

Where both parties are innocent of fraud and both know the character and contents of the instrument, it cannot be reformed in equity merely on the ground that one of the parties would have exacted, and would have been entitled to exact, a different instrument had he been acquainted with facts rendering it to his interest to do so, or which, if he had known them, would have caused him to reject the instrument which he accepted. It is beyond the power even of a court of equity to make contracts for parties. The jurisdiction to reform written instruments in cases free from fraud is exercised only where the instrument actually executed differs from what both parties intended to execute and supposed they were executing or accepting, and this mistake will be corrected in equity only on the clearest proof, and then only by making the instrument conform to what both parties intended. But an instrument or covenant, the nature and

contents of which are fully comprehended by both parties at the time of its execution, cannot be altered in its terms by the court. (See *Wilson* v. *Deen*, 74 N. Y., 531, and authorities there cited.) If the decision of the trial court in this case can be sustained, any purchaser of lands who accepts a deed without covenants may have recourse against his grantor for a subsequently discovered incumbrance or defect in the title, provided he can show that under his contract of purchase he might have insisted on a deed with covenants, and that he believed the title to be clear when he accepted one without covenants. If the grantor and grantee had both intended that this deed should contain covenants, and supposed at the time of its delivery that it did contain them, but through a mistake of the scrivener they had been omitted, the court might insert them. But no such case is made out here.

The order of the General Term should be affirmed, and judgment absolute rendered against the plaintiff on his stipulation, with costs.

All concur, except EARL, J., not voting.

Judgment affirmed.