JOHN F. COFFIN, Appellant, *v.* THE CITY OF BROOKLYN, Respondent.

116   159
122    59
123   590

Upon a sale of land in the city of Brooklyn for taxes, the land was bid in by the city, there being no other bidders, and a certificate executed to it, which provided that the purchaser was entitled to a lease for one hundred years; after the expiration of two years, unless the premises were redeemed within that time, or any irregularity should be discovered in the proceedings prior to said sale, in which case the purchaser was entitled to be repaid the purchase-money and all sums paid for taxes, water rates or assessments on said premises upon a surrender of the certificate. The premises were not redeemed, and the certificate was assigned to plaintiff, the assignment stating that it was of "the right, title and interest of the city in the certificate." Plaintiff afterwards surrendered the certificate and received a lease which recited that "all the proceedings prior and subsequent to the sale * * * required by law to authorize this conveyance were duly had." Subsequently the tax, under which the sale was made, was held invalid on the ground that the assessors had not verified the assessment-roll as required by the statute. In an action to recover back the money paid for the assignment on the ground that it was paid under a mistake of fact, *held*, that plaintiff's acts being

entirely voluntary, the money paid by him could not be recovered back; that plaintiff's transaction with defendant was not a sale and purchase of an interest in the land, but of defendant's right, title and interest in the certificate; that it was to be presumed the assignment was made under the provisions of the city charter (Laws of 1873, § 19, tit. 8, chap. 863), making it the duty of the registrar of arrears to assign to any person who will pay the amount required to redeem the land; that the giving of the lease imposed no additional liability on defendant, *its* recitals not being covenants (§ 10), and it being valid and effective only so far as it is warranted by the statute; also, that, as the defect invalidating the sale appeared on the face of the record, plaintiff must be presumed to have had notice of it.

*Martin* v. *McCormick* (4 Seld. 331); *Gardner* v. *Mayor, etc.* (26 Barb. 423) distinguished.

A purchaser of a defective title at a tax sale cannot recover the money paid from the city or county.

No covenant is implied in a conveyance of land.

(Argued June 19, 1889; decided October 8, 1889.)

Appeal from a judgment of the General Term of the City Court of Brooklyn, entered upon an order made May 27, 1886, which affirmed a judgment dismissing plaintiff's complaint entered upon a decision at Special Term.

This action was brought to recover the money paid defendant upon assignment of certificate, set forth below, on the ground that the same was paid by mistake.

In 1872 a tax of $36.42 was attempted to be laid upon certain premises in the city of Brooklyn, and in the same year there was also unpaid a water rate of $12. These taxes were not paid, and on October 5, 1875, the registrar of arrears of said city offered the premises for sale as he was empowered to do by the charter, and there being no bidders said registrar bid in the premises for the city for the term of one hundred years.

Immediately after the sale he executed a certificate of sale which was as follows:

"Lib. 32.                                                              "$66.08.
"Vol. 3.                                                               "Reg. No. 5607.
"1872.                    "City of Brooklyn, *October* 5, 1875.

"I hereby certify that at public auction held by me this day at the office of the registrar of arrears, in the city of

Brooklyn for the sale of property for unpaid taxes and water rates, pursuant to an act entitled ' An act to consolidate the cities of Brooklyn and Williamsburgh and the town of Bushwick into one municipal government, and to incorporate the same,' passed April 17, 1854, and the acts amendatory thereof or supplemental thereto, the city of Brooklyn purchased the lot, piece or parcel of land assessed for the tax and water rate of 1872, and known by the number 5607 in sales, Register of Tax and Water Rates, liber 32, for the term of one hundred years, for which he has paid the sum of $66.08, and which said purchase entitles him to a lease of the said premises for the term aforesaid, after the expiration of two years from the date hereof, unless said premises be redeemed within that time or any irregularity shall be discovered in the proceedings prior to said sale, in which case said purchase-money, and all sums paid for taxes, water rates or assessments on said premises on account of the purchase hereinbefore stated, shall be repaid to said purchaser or his assigns, provided this certificate shall be surrendered to the registrar of arrears, and no further or other damage shall be claimed by said purchaser.

" 21 Ward, page 6, Block 32.

" Lot No. 42.

" D. D. WHITNEY,

" *Registrar of Arrears.*"

The premises were not redeemed by the owner, and on March 16, 1882, the said registrar of arrears assigned the said certificate of sale to the plaintiff by an instrument in writing reading as follows :

" DEPARTMENT OF ARREARS,  }
         " BROOKLYN, *March* 16, 1882. }

" I Theodore F. Jackson, registrar of arrears for the city of Brooklyn, for and in consideration of one hundred and ten dollars and fifty-three cents, the receipt whereof is hereby acknowledged, hereby assign to John F. Coffin all the right

title and interest of the said city of Brooklyn in the within certificate.

                    "THEODORE F. JACKSON.

"Witness:                          "*Registrar of Arrears.*

        "R. S. STERES,

                "*Cashier.*"

On March 20, 1882, the plaintiff surrendered his certificate of sale and received a lease for the premises so sold, as he was entitled to do under the terms of the certificate.

Subsequently the Court of Appeals decided that the tax levy for the year 1872 was invalid on the ground that the verification of the assessment-roll by the assessors was not in compliance with the requirements of the charter. (*Brevoort* v. *City of Brooklyn*, 89 N. Y. 128.)

Further facts stated in the opinion.

*Edgar T. Brackett* for appellant. Money paid under a mistake of facts may be recovered back. (*Wheaton* v. *Olds*, 20 Wend. 174–176; *Ketchum* v. *Bank of Commerce*, 19 N. Y. 499, 502, 503; *Corn Ex. Bank* v. *Nassau Bank*, 91 id. 74; *Bk. Br. N. A.* v. *Mer. Nat. Bk.*, id. 106; *Frank* v. *Lanier*, id. 112; *Canal Bank* v. *Bank of Albany*, 1 Hill, 290; *Bank of Commerce* v. *Union Bank*, 3 N. Y. 237; *Gardner* v. *Mayor, etc.*, 26 Barb. 423; *Martin* v. *McCormick*, 8 N. Y. 331; *Allen* v. *Mayor, etc.*, 4 E. D. Smith, 404; *Kingston Bank* v. *Eltinge*, 40 N. Y. 391; *Marvin* v. *Bennett*, 8 Paige, 320; *Bingham* v. *Bingham*, 1 Vesey, 127; *Roosevelt* v. *Fulton*, 2 Cow. 129; *Gillespie* v. *Moon*, 2 Johns. Ch. 596; *Gee* v. *Spencer*, 1 Vern. 32; *Stapleton* v. *Scott*, 13 Ves. 425; *Hitchcock* v. *Giddings*, 4 Price, 135; *Champlin* v. *Laytin*, 1 Edw. Ch. 471; 6 Paige, 189; *Clark* v. *Post*, 45 Hun, 265.) The statute of limitations begins to run against a claim to recover money paid for an illegal tax only from the time when a demand has been made and refused. (*Lawton* v. *U. S.*, 18 Ct. Claims Rep. 595; 110 U. S. 146.) Plaintiff had a right to rely on the defendant's assertion of facts under seal, and hav-

Opinion of the Court, per BROWN, J.

ing relied on the defendant's assertion to his loss, defendant should make that loss good. (*Acer* v. *Westcott*, 46 N. Y. 384.)

*Almet F. Jenks* for respondent. At the time of sale, October 5, 1875, the purchaser acquired but an inchoate right and no title. (Burr. on Tax. 321; Cooley on Tax. 353, 372, 375; Desty on Tax, 834, 841, 853; *Rice* v. *White*, 8 Ohio, 216; *Lynde* v. *Melrose*, 10 Allen, 49; *Packard* v. *New Limerick*, 34 Me. 66.) Plaintiff stood in the shoes of his assignor. He took the certificate subject to all the infirmities and all the equities. (Cooley on Tax. 512; Desty on Tax. 853, 857; Black on Tax Titles, 263.) The purchaser of a defective title at a tax sale cannot recover back his money by suing the city or county for whose taxes the lands were sold. (Black on Tax Titles, 268; *Packard* v. *New Limerick*, 34 Me. 66; *Lynde* v. *Melrose*, 10 Allen, 49; *Thomas* v. *Barton*, 48 N. Y. 197.) The giving of the lease, under the statute, imposed no additional liability on the defendant. (*Rathbone* v. *Hooney*, 58 N. Y. 463; *Marsh* v. *Brooklyn*, 59 id. 280; *Beekman* v. *Bingham*, 5 id. 383; Cooley on Tax. 215.)

BROWN, J. The right to recover from the defendant the money paid for the assignment of the certificate of sale is claimed by the learned counsel for the appellant, upon the ground that it was paid under a mistake of fact. And the claim rests upon the assertion that the transaction between the parties was not solely an assignment of the right, title and interest of the defendant in and to the certificate of sale, but was a purchase of the outstanding term for which the property had been sold, which purchase was induced by the recital in the lease that "All the proceedings prior and subsequent to the sale  *  *  *  required by law to authorize this conveyance were duly had."

It is not necessary to refer in detail to the numerous authorities cited by the appellant which he claims entitles him to a recovery in this action. So far as they are applicable to cases of this character, they hold that when there is a mutual error as to the existence of the subject-matter of the contract,

the contract may be rescinded and money paid under it may be recovered back. (*Martin* v. *McCormick*, 8 N. Y. 331; *Gardner* v. *Mayor of Troy*, 26 Barb. 423.)

In the cases cited there was a supposition by both parties that by means of the assessment and sale the vendors had acquired an interest in the land which they could sell and convey. This erroneous supposition was the mutual error which gave the vendee a right to recover the money paid for the conveyance. I do not think this case falls within the principle of the authorities cited.

The trial court found that the money was not paid under a mistake of fact, but solely in payment of defendant's interest in the certificates assigned to the plaintiff. There was no oral testimony given upon the trial, and the evidence consists of the admission in the pleadings, the certificate of sale, the assignment thereof and the lease.

The allegation in the complaint that the money was paid at the instance and request of the defendant as the purchase-money for the conveyance of the land was denied by the answer and is unsupported by proof. I do not see how, upon this evidence, it could be seriously claimed that the transaction between the parties was a sale and purchase of an interest in the land, or that the case was brought within the principle of the authorities cited on the appellant's brief. In those cases the parties dealt with each other on the ground of a conceded right of property in the defendants. Here the assertion of such right is denied. The city, at the date of the assignment, had no apparent title to the land, and the proof does not show that either party assumed or supposed that it had acquired any interest therein. True, the time for redemption had passed, and the city might have taken a lease, but whether it should accept one or not depended on the vote of its common council. (§ 18, tit. 8, of the charter.) By section 19 of the same title it was the duty of the registrar of arrears to assign the certificate of sale to any person who would pay to him the amount required to redeem the land, at the date of such assignment; and in the absence of any

evidence as to the particular transaction in question, it is fair to presume that the assignment of the certificate was made under the provision of the section last cited.

I think the finding of the trial court was correct, and that the money was paid by the plaintiff in consideration of the assignment of the defendant's right, title and interest in the certificate.

The giving of the lease imposed no additional liability on the defendant. That was a duty resting upon the registrar of arrears under the charter, and was a thing he was bound to do upon demand of the holder of the certificate of sale, in case the property was not redeemed by the owner. Its recitals are not covenants. The charter (tit. 8, § 10, chap. 863, Laws 1873), requires that each conveyance of land sold for taxes shall contain "a brief statement of the proceedings had for the sale of the land, and shall be evidence that such sale and other proceedings have been regularly made and had according to the provision of this act."

In *Rathbone* v. *Hooney* (58 N. Y. 463), this court decided that a conveyance under a similar statute was evidence only of the proceedings connected with the sale, and not of the assessment or of the proceedings which took place before the right to sell attached. The lease, therefore, cannot be construed to be a representation, on the part of the city, that the proceedings by which the assessment was laid were regular. Whatever its recitals may be it is valid and effective only so far as it is warranted by the statute. All else is unauthorized and not binding upon the city. No covenant is implied in a conveyance of land (1 R. S. 738, § 140), and without the aid of fraud or mutual mistake of fact (neither of which is pleaded or found), the plaintiff was not entitled to recover. (*Whittemore* v. *Farrington*, 76 N. Y. 452.)

Under the assignment of the certificate of sale the plaintiff stands in the same position as if he had bid in the land at the tax sale. He had the option to receive a lease for the term specified in the certificate, or if irregularities were discovered in the proceedings preceding the sale, to surrender the certifi-

cate and receive back the money paid. The invalidity of the assessment was apparent on the face of the roll. He must be presumed to have had notice of it. He may have assumed that the affidavit of the assessors was a substantial compliance with the statute, but if he did, his error was not one of fact, but one of law. The contents of the affidavit were known to all who chose to inspect the roll. His inference that it complied with the statute was a legal inference, and the mistake was one of law. With this defect open and patent to his inspection plaintiff exercised the option given him by the terms of the sale, and surrendered his certificate and accepted the conveyance of the land to which, by the statute, he was entitled. His acts were entirely voluntary and the money cannot be recovered back on proof that the sale was invalid.

The law is settled that a purchaser of a defective title at a tax sale cannot recover the money paid from the city or county for which taxes the land was sold. (*Lynde* v. *Melrose*, 10 Allen, 49 ; *Brevoort* v. *Brooklyn*, 89 N. Y. 135.)

The judgment should be affirmed, with costs.

Bradley, J. When the registrar assigned to the plaintiff the interest of the city of Brooklyn in the certificate it was not in contemplation that the lease or conveyance of the term should contain any representation going to the validity of the assessment, etc., because it was not within the authority of the registrar to make any insertion to that effect in it. The statute provides what recitals it shall contain. (Laws 1873, chap. 863, tit. 8, § 10.)

No covenant is implied in the conveyance of land. (1 R. S. 738, § 140.) And without the aid of fraud or material mistake of fact (neither of which appear or is found), the plaintiff was not entitled to recover. (*Whittemore* v. *Farrington*, 7 Hun, 392 ; 12 id. 349, affirmed 76 N. Y. 452.)

The judgment should be affirmed.

All concur.

Judgment affirmed.