WILLIAM M. McFARLANE, Appellant, *v.* THE CITY OF
BROOKLYN, Respondent.

Plaintiff purchased several lots in the city of Brooklyn, sold for the non-payment of taxes assessed thereon, and received the certificates therefor, each of which after acknowledging receipt of the purchase-price, recited that the purchase entitled him to a lease of the premises sold for the term specified at the end of two years, unless " the premises be redeemed within that time or any irregularity shall be discovered in the proceedings prior to said sale, in which case said purchase-money and all sums paid for taxes, water-rates or assessments on said premises * * * shall be repaid to said purchaser or his assigns on surrender of this certificate * * * and no further or other damage shall be claimed by said certificate." The taxes for which said lots were sold, were void because of irregularities. *Held*, that plaintiff was only entitled to demand and receive from the city the sums specified in the certificates, *i. e.*, the purchase-money paid with the sums paid for taxes, etc.; that he was not entitled to interest thereon; also that as it appeared that the comptroller of the city was ready and offered to pay these sums when the certificates were tendered, which plaintiff refused, he was not entitled to recover. (§ 4, chap. 388, Laws of 1884.)

(Argued October 27, 1890; decided December 9, 1890.)

APPEAL from judgment of the General Term of the Supreme
Court in the second judicial department, entered upon an order
made July 23, 1886, which affirmed a judgment in favor
of defendant entered upon a decision of the court on trial at
Special Term.

This action was based upon certain certificates issued by
defendant on sales of lots for unpaid taxes ; it was brought to
determine the amount plaintiff was entitled to receive of
defendant upon surrender of the certificate the taxes for which
they were sold having been declared void.

The findings were as agreed upon by the parties. Among
other matters they embrace and set forth in full chapter 363
of the Laws of 1882 and chapter 388 of the Laws of 1884,
which relate to the confirmation and payment of taxes in the
city of Brooklyn and to the redemption by the comptroller of
that city of certain tax certificates.

The following facts also appear from the findings : Plaintiff purchased several lots, sold, for the non-payment of taxes assessed thereon by the authorities of the city of Brooklyn and received the certificates therefor and purchased similar certificates for other lots sold and bid off by the city for unpaid taxes for some one or more years between 1867 and 1874, each of which certificates declared the holder to be entitled to a lease of the lot so sold for the number of years specified therein for the term of one hundred years, for which he has paid the sum of $117.28, and which said purchase entitles him to a lease of the said premises for the term aforesaid, after the expiration of two years from the date hereof, unless said premises be redeemed within that time or any irregularity shall be discovered in the proceedings prior to said sale, in which case said purchase-money and all sums paid for taxes, water-rates or assessments on said premises on account of the purchase hereinbefore stated shall be repaid to said purchaser or his assigns, provided this certificate shall be surrendered to the registrar of arrears, and no further or other damage shall be claimed by said purchaser." The taxes for which said lots were assessed were void. Said lots were also assessed for taxes for years prior and subsequent to the years for taxes for which they had been sold, which assessments were also void and were generally unpaid either by the holders of the certificates, the owner of the lots or by any one. The assessed value of each of the said lots exceeds the amount of all charges thereon for taxes, assessments and water-rates with interest assessed upon these lots prior to the 1st day of July, 1882. The sums paid by plaintiff to purchase said lots and whatever tax he may have paid upon any of them was received into the treasury of the defendant, and such sums were also included in the assessment of arrearages of taxes and water-rates made with interest by the assessors under the act of 1883, chapter 114. Plaintiff and the authorities of the city of Brooklyn believed that the taxes upon these lots were valid notwithstanding the defects which rendered them void appeared upon the face of the assessment and tax-roll until a decision was made by the Court of Appeals in the year

1882. Before bringing this action the plaintiff tendered the said certificates to the collector of taxes and to the registrar of arrears, and also brought them into court and offered to cancel them, and at the time the plaintiff tendered the certificates the comptroller was ready and willing to pay the plaintiff the face of said certificates, with the amounts paid for taxes, etc., on account of the sales, according to the act, chapter 388 of the Laws of 1884.

Further facts appear in the opinion.

*J. Hampden Dougherty* for appellant. The taxes which the plaintiff advanced and paid are within the purview of the Arrears Act. Under the Arrears Act a new tax has in every instance been substituted for them. Therefore, the original taxes were evidently not satisfied by plaintiff. (*Clementi* v. *Jackson,* 92 N. Y. 595; Laws of 1854, tit. 5; Laws of 1873, tit. 8; Laws of 1882, chap. 363.) Upon the enactment of chapter 363 of the Laws of 1882, the city of Brooklyn became a trustee for the plaintiff for the taxes and proceeds of the taxes imposed by that act in confirmation of the taxes advanced by the plaintiff. (Laws of 1883, chap. 114; *Clementi* v. *Jackson,* 92 N. Y. 595.) Under the circumstances of this case the taxes imposed by the Arrears Act on the lots mentioned in the complaint are illegal and void, so far as they represent the plaintiff's advances, unless imposed for the plaintiff's benefit. (*Bowns* v. *May,* 120 N. Y. 357.) If the act excludes the plaintiff's equitable right to be first paid out of the proceeds, the act is void, as depriving the plaintiff of property in violation of the State and Federal Constitution, and as seeking to charge the tax-payer with a tax, the amount of which had been once paid into the city treasury. (*Donaldson* v. *Wood,* 22 Wend. 397; *L. S. & M. S. R. R. Co.* v. *Roach,* 80 N. Y. 339; *People ex rel.* v. *Albertson,* 55 id. 50; *People* v. *Mallory,* 2 T. & C. 76.) The certificates of sale have nothing to do with plaintiff's cause of action, and are irrelevant to it. The language of the certificates, "purchase-money repaid," means purchase-money repaid as of the time it was advanced,

that is, with interest. (*Brevoort* v. *City of Brooklyn*, 89 N. Y. 129.) The plaintiff's claim is not barred by the Statute of Limitations, because he does not sue for money paid, nor assert a claim against the general fund of the city treasury. (*Price* v. *Mulford*, 36 Hun, 247; *Tucker* v. *Ives*, 6 Cow. 193.) The plaintiff claims to have recourse for his indemnity to the taxes reimposed by chapter 263 of the Laws of 1882, in confirmation and replacement of those which he advanced as stated in the complaint, and to the proceeds of those taxes reimposed by the Arrears Act upon the principle of natural justice and equity. (*Cheesebrough* v. *Millard*, 2 Johns. Ch. 409, 413; Story's Eq. Juris. 1255; *Gaus* v. *Thieme*, 93 N. Y. 225, 233.)

*Almet F. Jenks* for respondent. The plaintiff cannot maintain this action. (Cooley on Tax. 329, 375, 572; Desty on Tax. 850; *Lynde* v. *Melrose*, 10 Allen, 47; *Packard* v. *New Limerick*, 34 Me. 269; *Brevoort* v. *Brooklyn*, 89 N. Y. 135; *Coffin* v. *Brooklyn*, 116 id. 159–166; *Clementi* v. *Jackson*, 92 id. 591; *Bowns* v. *May*, 120 id. 357–362; Laws of 1882, chap. 363; Laws of 1884, chap. 388; Sedg. on Dam. 473.)

POTTER, J. The question presented upon this appeal is whether, upon the facts as found by the trial court and the several acts of the legislature applicable to the assessments and collection of taxes, water-rates, etc., in the city of Brooklyn, the plaintiff is entitled to any relief different or beyond that which the comptroller was ready and willing to pay the plaintiff when the latter tendered the certificates, viz., the face of the certificates with the amount paid for taxes, and if so, what that other or additional relief is?

The complaint alleges that plaintiff is advised and believes "that, upon making the payments aforesaid, he became equitably entitled to all claims which the defendant had or could have for the taxes, interest and charges advanced and paid by the plaintiff, and entitled to all moneys afterwards paid to the defendant in payment thereof, and to have the benefit of all taxes and charges levied and imposed in lieu thereof, or substituted therefor, and to have the proceeds thereof."

The relief sought in this action, in one or more of its aspects, is somewhat novel and extraordinary, if not beyond the scope of judicial cognizance, but the alternative relief sought by the plaintiff is addressed to the practical consideration of the court, and was the only point of view in which it was considered in the opinions of the court below, and that is, whether the plaintiff is entitled to interest upon the sums he paid for the purchase and for taxes upon the surrender of the certificates he held. I do not perceive that there can be any other view taken by this court.

The determination of this question depends upon the relations which exist between the tax-payer and the authority imposing the tax, and the remedies provided for enforcing and realizing the tax. These relations and remedies almost, if not entirely, are created by law. Hence the rules which exist in relation to the ordinary transactions of business between individuals and between individuals and business corporations are quite inapplicable to questions of this character.

It is essential to government that it possess the power to raise the means necessary for its support. It prescribes the mode of procedure for the accomplishment of that end.

The mode of procedure adopted by the defendant, and the one most common to municipal governments, is to assess upon the taxable property within its jurisdiction the amount required, in proportion to the value of the property owned by its citizens.

The owner must pay the tax imposed, or its payment will be enforced. One mode of enforcement is to sell the property taxed in a manner that will yield the tax, either to an individual or to the municipal government. By these steps, the object is accomplished. Whether any other steps having in view the relief of the owner, by redemption or otherwise, also depends upon the statute. If such is the scheme, the law provides for the giving the purchaser a certificate which defines all his rights and all the privileges of the delinquent tax-payer in respect to redemption. There are none other than those specified in the certificate or statute. If redemption is made

pursuant to the certificate, the purchaser, at the tax sale, will get his money back, with such rate of increase, if any, as the certificate or the statute provides. If redemption is not made, the purchaser will get such title to the property purchased as the proceedings to collect the tax conferred, and no other. Ncr will such purchaser get any covenants or obligations with such title other than those prescribed by law and which are usually contained in the certificate. (Cooley on Taxation, 329, 375, 572; *Coffin* v. *City of Brooklyn*, 116 N. Y. 159–166; *Brevoort* v. *City of Brooklyn*, 89 id. 135; *Lynde* v. *Melrose*, 10 Allen, 49; *White* v. *City of Brooklyn*, decided in October, 1890, by this court, 122 N. Y. 53–64). The court, in the last case, speaking through Judge Bradley, used this language : " They had no rights against the defendant, except such as were given by the contracts contained in the certificates, and those were to a conveyance, unless irregularities were discovered in the proceedings prior to the sales, and in that case they were entitled to repayment of the amount of the purchase-money as represented by the certificates of which they had the title."

These and numerous other cases illustrate the principle that the rights of all parties connected with the purchase and sale of property to raise the taxes imposed upon it, are created and defined by statute.

Now it appears from the case under consideration that in 1882 it was decided that a very large number of the taxes imposed upon lots by the authorities of the city of Brooklyn were illegal, and many remained unpaid. And that the taxes imposed upon the lots described in the complaint in this action and for the non-payment of which some of them were sold, were illegal. It also appeared that taxes for other years, both before and after the year for which the lots were sold had been imposed upon these lots, and that such other taxes were in most instances unpaid and in arrears. The general situation was that in some cases lots had been sold for taxes for a single year or two and certificates issued to the purchaser; in other cases lots had been bid off by the city for one or more year's taxes, and certificates of such sales had been assigned, and in

more instances the taxes had not been paid for all the years they had been assessed, and were in arrear.

In this condition of tax matters in the city of Brooklyn the legislature passed the acts of 1882 and 1884, set forth in the findings of the trial court.

The act, chapter 363 of the Laws passed June 27, 1882, may in a general way be characterized, especially as construed by Judge Rapallo, in *In re Clementi* v. *Jackson* (92 N. Y. 591), as an act providing for the payment of irregular taxes upon certain conditions, and validating the tax so paid and the payment.

The other act, chapter 388 of the Laws of 1884, passed May twenty-eighth, was an act for the relief of the holders of certificates and leases issued upon void assessments and who, under the law, as before stated, were without a remedy. The benefit of this law was expressly reserved to the city by section 4 as against the holders of certificates and leases, who should not avail themselves of the privileges offered by sections 1, 2 and 3 of the last-mentioned act. Section 4 is as follows: "Nothing in this act contained shall be held or construed to abrogate or in any way limit or affect any defense the city of Brooklyn may have against the said certificates of sale in case the holder or holders thereof shall refuse to accept the payments by this act authorized to be made, and to release the said city from all claims thereunder; and all persons accepting any such payment shall, as a condition of payment, release said city of and from all claims against it upon the certificates held by them or growing out of the sales therein mentioned."

The case then comes to this, that the certificate issued to plaintiff, would give him back, if the premises were redeemed, the money he paid for it, with a liberal interest. If the lot was not redeemed he could get the lot for the money he bid to pay the tax for which it was sold.

The lot was not redeemed, and the taxes for which they were sold being void, the plaintiff can get nothing by virtue of his certificate, except the alternative therein provided, and that is a nominal title that is void, or a right not enforceable.

The city offered, under the last-named act, to restore him the moneys he paid out. The plaintiff has refused to accept the offer upon the terms proposed by the law. The defendant has no legal right to offer the plaintiff any different terms, and the courts know of no other law to interpose for the relief of plaintiff.

The case is not so hard for the plaintiff as it may seem, when it is viewed in a business or speculative light. He came forward of his own motion and bid off these lots for the tax, in some cases of a single year. It was found by the trial court that such lot was worth more than the sum bid and all the other unpaid taxes thereon, with interest for all the years in arrear from 1862 to 1882.

If the lot was redeemed he would receive his money back, with a high rate of interest. If the taxes were legally assessed the purchaser would get title to the lot by paying the taxes upon it.

But if the taxes were void and the owners should find it out, and for that or any reason should not redeem, it would result in a loss to the plaintiff.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.