(66 App. Div. 578.)

### BELL v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. December 6, 1901.)

1. MUNICIPAL CORPORATIONS—LOCAL ASSESSMENTS—LIMITATIONS—SALE.
    Under the provisions of Laws 1871, c. 381, § 1, carried into the consolidation act (Laws 1882, c. 410, § 915), and continued in Greater New York Charter (section 1017), that all taxes and assessments made for city improvements should be and remain a lien until paid, a sale of property in New York in 1899 for unpaid assessments which were confirmed in 1875, 1877, and 1882, is valid.

2. TAXATION—TAX SALES—EFFECT—PRIOR ASSESSMENTS—LIEN.
    In 1889 plaintiff purchased a lot in the city of New York for the taxes of 1884 and 1885 at a sale under the consolidation act (Laws 1882, c. 410, § 946), providing that the conveyance shall be absolute, and the owner and all others interested in said lands shall be barred of all right thereto. At the time of such sale there were unpaid assessments on such lot, which were confirmed in 1875, 1877, and 1882. *Held*, that the lien of the city for such assessments was not affected by such sale to plaintiff for subsequent taxes.

3. SAME—NOTICE OF LIEN.
    A purchaser of a lot in New York at a tax sale is bound with notice of all existing liens thereon for unpaid prior assessments.

4. SAME—TAX DEED—RECITALS—WARRANTY—ESTOPPEL.
    Where the statute provides what a conveyance under a tax sale shall contain, the recitals in such conveyance are not covenants of warranty, and do not operate to estop the municipality issuing the conveyance.

Appeal from special term, New York county.

Action by Jared W. Bell against the city of New York. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGH-LIN, O'BRIEN, and INGRAHAM, JJ.

H. B. Closson, for appellant.

George L. Sterling, for respondent.

HATCH, J. This action was brought against the city for the purpose of obtaining a judgment declaring certain sales of real property for unpaid taxes and assessments for local improvements to be null and void, and enjoining the defendant from issuing any certificate for said sales. It is averred in the complaint, and conceded as true by the demurrant, that the premises in question were sold to the plaintiff's wife in February, 1870, and on June 12, 1889, at a tax sale, the premises were sold to the plaintiff for the period of 1,000 years, for the taxes for the years 1884 and 1885, and a certificate of sale duly issued to and is now held by him. In 1884 the wife of the plaintiff conveyed the premises to the plaintiff, and at the commencement of the action he was in possession. At the time of the tax sale to the plaintiff, in 1889, three assessments for local improvements, to wit, sewers and paving, had been duly levied according to law by the city of New York, and were then liens thereon, and unpaid; which assessments had been duly confirmed in the years 1875, 1877, and 1882. The said assessments being unpaid on the 7th day of December, 1899, the premises were sold by the city on that day under proceedings regularly taken for the collection thereof. Upon such sale the premises were bought in by the collector of assessments and arrears for the city of New York on behalf of the city, and the collector now threatens to issue to the city a certificate for the sale, and the plaintiff prays that the said sale may be declared null and void, and the city restrained from issuing any such certificate. The defendant demurred on the ground that it appeared on the face of the complaint that it does not state facts sufficient to constitute a cause of action. The court at special term sustained the demurrer, and an interlocutory judgment was entered dismissing the complaint unless the plaintiff should, within 20 days after service upon him of a copy of the interlocutory judgment, file and serve an amended complaint and pay the defendant's costs. The plaintiff failed to amend, and a final judgment was entered dismissing the complaint. From the judgment so entered this appeal is taken, with notice that the appellant will bring up for review the interlocutory judgment.

It is the contention of the plaintiff that, the sale to him in 1889 having been had under the provisions of the consolidation act (section 926, c. 410, Laws 1882), it is subject to all of the provisions relating to a sale for taxes under that act, and that by section 946 such sale became absolute, and constituted a bar to the owner and all other persons interested in the land during the term of years for which the premises were conveyed or leased. The assessments which the plaintiff claims were cut off by the sale to him were imposed prior to such sale, and had then been unpaid for a period of three years from the time of their confirmation. The plaintiff,

however, concedes by his pleadings that the proceeding had and taken upon the sale of 1899 for the nonpayment of these taxes was regular and valid; at least no facts were averred in his pleading from which it could be found that the sale to the city was illegal or invalid. In order to succeed, it would seem to be essential that he must aver and show that such sale was invalid; and it is somewhat difficult to see how, if a sale be regular, and in accordance with law, it can be held to be invalid. Ultimately, however, the plaintiff comes to rest his contention upon the ground that the city was in some form or manner estopped from asserting a claim to its favor, which confessedly had existence prior to the sale or conveyance to him. Under the law as it existed prior to 1871, the statutes regulating the lien of assessment made no specific provision respecting the duration of the lien or its character. As early as 1854 the question arose as to the character of the lien and its duration, and was considered by the court of appeals. Judge Gardiner was of opinion that the confirmation of an assessment was in the nature of a judgment, and that the rule applicable to a judgment in an action was to be applied in such case. Judge Denio was of the opinion that the assessment was to be considered in its effect as a mortgage, but the duration of the lien was held to be for 20 years, no matter which rule applied. Mayor, etc., v. Colgate, 12 N. Y. 140. The question again arose in Fisher v. Mayor, etc., 67 N. Y. 73, and it was held that an assessment became a lien upon the property, and continued to be and remain a lien for a period of 20 years, after which a presumption of payment attached, which could only be defeated by proving either actual payment of a part within the 20 years, or by a written acknowledgment of liability thereon. In 1871, by section 1, c. 381, of the Laws of that year, the legislature, evidently intending to change the rule of law announced in those cases, provided that all taxes and assessments which should be made for city improvements, etc., should be and remain a lien until paid; and this provision of law was carried into the consolidation act (section 915). In construing chapter 381 of the Laws of 1871 it was held by the old general term of this court that the rule created by the cases we have cited no longer obtained as to the duration of the lien, but that by virtue of the act assignments could only be discharged by actual payment. Daly v. Sanders, 9 N. Y. St. Rep. 794, affirmed on appeal, 118 N. Y. 688, 23 N. E. 1151. This provision of law is continued by section 1017 of the Greater New York charter. It seems clear, therefore, that, as these assessments existed prior to the sale to the plaintiff, and had become a lien upon the property, they could only be discharged by actual payment, else they remained a lien; and, as compliance was had with the provision of law respecting their enforcement, no infirmity would seem to appear in the city's title. Of the existence of these assessments the plaintiff was bound to take notice at the time when he made his purchase. Coffin v. City of Brooklyn, 116 N. Y. 159, 22 N. E. 227; Cooley, Tax'n, p. 475; Blackw. Tax Titles, § 454. Nor was the city estopped from the enforcement of these assessments by anything which it did. The recitals contained in the conveyance to the plaintiff are not to be

construed as covenants of warranty or of other character, which in their nature might operate to estop a party. The conveyance is given pursuant to the provisions of the statute, of the existence of which the plaintiff has the same knowledge as the city, and is chargeable with notice of its legal effect. The statute is the only authority, and it provides what the conveyance shall contain. The only covenant, therefore, which can be made is the law authorizing the sale and purchase, and a purchaser can obtain none other. Coffin v. City of Brooklyn, supra; McFarlane v. City v. Brooklyn, 122 N. Y. 585, 26 N. E. 19; Wells v. Johnston, 55 App. Div. 484, 67 N. Y. Supp. 112. In no view, therefore, is the plaintiff entitled to the relief demanded in the complaint. The interlocutory judgment was proper, and, upon failure to comply therewith, judgment was properly entered dismissing the complaint.

The judgment should therefore be affirmed, with costs. All concur.