Argued July 25, decided August 6, 1912.

## SCOTT-McCLURE LAND CO. v. CITY OF PORTLAND.

[125 Pac. 276.]

MUNICIPAL CORPORATIONS—ASSESSMENT LIENS—PRIORITY.

Portland City Charter, § 407, provides that from the date of the entry therein of an assessment the sum as entered shall be a lien on the tract assessed, with priority over all other liens and incumbrances whatsoever thereon, etc.   Section 408 declares that, when an assessment becomes delinquent, a person having a lien on the lot by judgment, decree, or mortgage, or having purchased the same for any delinquent tax or assessment, may, at any time before the sale of the lot or part thereof, pay the same, and such payment discharges the property from the effect of the assessment, and the amount and costs and charges shall thereafter become a part of the lien creditor's claim and shall bear interest, and may be enforced and collected as a part thereof.   *Held*, that a sale of city property under a junior assessment lien did not extinguish a prior lien of the same character.

From Multnomah:   ROBERT G. MORROW, Judge.

Statement by MR. JUSTICE MCBRIDE.

This is a suit by the Scott-McClure Land Co., a corporation, against the city of Portland and J. E. Werlein, as treasurer of said city, to restrain the defendant city from selling lot 16 in block 7 in North Irvington, in the city of Portland, for a delinquent street assessment. Plaintiff alleges that on June 14, 1906, there was duly entered and docketed in the city lien docket of Portland a lien and assessment against the property above mentioned for the improvement of East Eleventh street.   On November 26, 1906, the owner of the property having failed to pay such assessment, it was duly offered for sale, and bid in by plaintiff for $139.82.   A certificate of sale was issued to him, and on March 28, 1910, no redemption having been made, the city treasurer executed to plaintiff a deed to the property.   On August 10, 1905, prior to the levying of the assessment, there was entered in the city lien docket a lien and assessment against such property for the improvement of another street, abutting upon the same, which remained unpaid, and in March, 1910, a

writ was issued out of the office of the city auditor directing the city treasurer to enforce the payment of such lien, and he is advertising the property for sale under such writ. Plaintiff prays for an injunction *pendente lite* and for permanent relief.

Sections 407 and 408 of the charter are as follows:

"The docket of city liens is a public writing, and from the date of the entry therein of an assessment the sum as entered is hereby declared to be a tax levied and a lien upon such lot, part thereof, or tract of land, which lien shall have priority over all other liens and incumbrances whatsoever thereon, and the sum or sums of money assessed for any local improvement, entered upon such lien docket, shall be due and payable from the date of such entry, and if not paid, or bonded as provided by law, within ten days from the date of such entry, thereafter the same shall be deemed to be delinquent and shall bear interest at the legal rate."

"When an assessment upon any lot or part thereof becomes delinquent, any person having a lien thereon by judgment, decree or mortgage, or having purchased the same for any delinquent tax or assessment, may at any time before the sale of such lot or part thereof, pay the same, and such payment discharges the property from the effect of the assessment, and the amount of such delinquent taxes and all accruing costs and charges, if any, when so paid, is thereafter to be deemed a part of such lien, creditor's judgment, decree, mortgage or tax lien, as the case may be, and shall bear interest and may be enforced and collected as a part thereof. If the holder of any tax lien or claim pays off such assessment, he may thereafter present the receipt to the officer who shall have charge of the tax roll or docket containing the record of the tax sale at which he purchased such property, and thereupon such officer shall make a note of the amount of such assessment so paid by such purchaser and shall exact repayment thereof, together with interest as above prescribed, from any person making redemption from such sale, and no redemption shall discharge the property from the effect of such which shall not include the amount of such assess-

ment paid by the purchaser after the purchaser shall have presented the receipt as above prescribed."

A general demurrer to plaintiff's complaint was sustained, and plaintiff appeals.                    AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Frank Schlegel.*

For respondent there was a brief over the names of *Mr. Frank S. Grant,* City Attorney, and *Mr. L. E. Latourette,* with an oral argument by *Mr. Grant.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

A single question of law is presented on this appeal: Whether or not the lien docketed on June 14, 1906, and under which plaintiff derives its title, is superior to the lien docketed on August 10, 1905, under which defendant is attempting to sell the property. In other words, did the sale under the junior lien extinguish the prior lien? Both liens are identical in character, being for street improvements.

The question presented is new in this State; but, after carefully considering it, we are of the opinion that it was not the intent of the provisions of the charter that a sale upon a junior lien should extinguish a former lien of a kindred character. Such a construction would work great inconvenience in many instances, while a purchaser under a junior lien always has it in his power to pay off the prior lien, which presumptively has increased the value of his property to an extent at least equal to its amount. The following cases sustain this view: *Brady* v. *Burke,* 90 Cal. 1 (27 Pac. 52) ; *Philadelphia* v. *Meager,* 67 Pa. 345; *Bell* v. *City of New York,* 66 App. Div. 578 (73 N. Y. Supp. 298) ; *Des Moines Brick Mfg. Co.* v. *Smith,* 108 Iowa, 307 (79 N. W. 77). The contrary seems to be held in *Burke* v. *Lukens,* 12 Ind. App. 648 (40 N. E. 641: 54 Am. St. Rep. 539), but we cannot agree with the reasoning of that case.

The order of the circuit court is affirmed.    AFFIRMED.