DROTT, Appellant, vs. STEVENS, Respondent.

*May 24—June 13, 1916.*

*Vendor and purchaser: Quitclaim deed: Failure of title: Remedies.*

1. The grantee in a quitclaim deed, in the absence of fraud, has no remedy either in law or equity against his grantor for failure of title.

2. So *held,* where the grantee, knowing that the grantor's title was based upon a tax deed and that he refused to give a warranty deed, and after obtaining the advice of an attorney, accepted a quitclaim deed in satisfaction of a debt of the grantor to him, both parties acting in good faith and in the belief that the grantor had good title.

APPEAL from an order of the circuit court for Price county:
G. N. RISJORD, Circuit Judge. *Affirmed.*

Action to set aside a quitclaim deed executed in settlement
of a debt of $1,409, and to recover judgment for the amount
of said debt and interest. The following facts appeared
from the complaint: In 1901 the A. H. Stange Company was
the owner of a certain forty-acre tract of land in Price county.
It paid the taxes thereon for that year, but by mistake the
tax was returned delinquent and in due course of time the
land was sold for taxes and a tax deed was issued to the G. F.
Sanborn Company and duly recorded. In 1908 the G. F.
Sanborn Company executed and delivered a quitclaim deed
of said forty to the defendant herein, who was indebted to the
plaintiff upon an account stated in the sum of $1,409. De-
fendant tendered a quitclaim deed of the land to plaintiff in
satisfaction of his debt to him. Plaintiff said he would ac-
cept a conveyance of the land if defendant was the true owner
thereof. The defendant stated that he believed himself to be
the sole and true owner and offered to submit an abstract of
the land. Plaintiff suggested defendant take such abstract
to R. J. Hagerty, Esq., an attorney in Park Falls, for exami-
nation, which was done. After examination the attorney ad-
vised the plaintiff and defendant that the latter appeared to
have a good fee simple title to the land, unless there were
minor heirs entitled to redeem. Plaintiff then said he would
accept the land if defendant would give him a warranty deed.
This the defendant refused to do, saying he would give only
a quitclaim deed. Plaintiff then agreed to accept a quitclaim
deed and instructed defendant to make the deed to plaintiff's
wife, which was done, whereupon plaintiff executed and de-
livered a receipt in full for his indebtedness to him. Both
parties believed defendant had good title to the land and
both acted in good faith upon such belief. Plaintiff asked
for a decree setting aside the settlement and for judgment for
$1,409 and interest from October 6, 1908, when the settle-
ment was made. The defendant demurred to the complaint,

and from an order sustaining the demurrer the plaintiff appealed.

For the appellant the cause was submitted on the brief of *Holland & Lovett.*

*K. K. Kennan,* for the respondent.

VINJE, J.    It is the settled doctrine of most courts in this country that a grantee in a quitclaim deed, in the absence of fraud, has no remedy either in law or in equity against the grantor for failure of title.    *Whittemore v. Farrington,* 76 N. Y. 452; *Reed v. Bartlett,* 19 Pick. (36 Mass.) 273; *Botsford v. Wilson,* 75 Ill. 132; *Prichard v. Pasquotank & N. R. S. Co.* (N. C.) 86 S. E. 171, L. R. A. 1916A, 961; *Sherwood v. Moelle,* 36 Fed. 478, 1 L. R. A. 797; *Johnson v. Williams,* 37 Kan. 179, 14 Pac. 537; and see particularly 39 Cyc. 2010, note 77, where a large number of authorities on the question are collected.    Such doctrine is based upon the ground that the grantee in a quitclaim deed knows that he takes only such title as his grantor has to convey; that he assumes the risk of its being a good title; and that the consideration is based upon the value of the kind of conveyance made.    In the present case no fraud was practiced upon the grantee.    He knew his grantor's title was based upon a tax title and that defendant refused to warrant the title.    He had the advice of counsel that the title was good.    The means of information as to the invalidity of the title were equally open and available to both parties.    Under such circumstances plaintiff assumed the hazard as to title.    His grantor conveyed all he agreed to convey and plaintiff received the consideration bargained for, namely, a quitclaim deed.    There being no fraud and no mistake as to the kind of conveyance that was to be given and the contract being fully executed, plaintiff is without a remedy either in law or equity, and the demurrer was properly sustained.

*By the Court.*—Order affirmed.