### NOEL *v.* HERMAN BENCKE LITHOGRAPH CO. *et al.*

(*Superior Court of New York City, General Term.* November 3, 1890.)

CONTRACTS—INTERPRETATION.

> Upon renting a portion of plaintiff's building, defendants covenanted in the lease to be responsible for any increase of insurance over 1 per cent. per annum, imposed on the building or on any of the tenants in the building. Plaintiff was liable to the tenants to pay increased insurance in case other parts of the building should be leased for purposes that would raise the rate of insurance. *Held,* that defendants' liability was absolute, and in no way dependent upon the cause which produced the increase, or upon the payment of the increase by plaintiff, and that a statement by plaintiff, when defendants hesitated about signing the lease, that the only chance they would run would be "about whatever is over 1 per cent. on $40,000 of insurance," was not a warranty, but mere expression of opinion.

Appeal from trial term.

Action by Emilie Raberg Noel against H. Bencke Lithographic Company and Herman Bencke, impleaded with others, and brought to recover the excess of insurance premiums over 1 per cent., imposed upon the tenants of a building owned by the plaintiff, and part of which was leased to the defendants. The clause of the lease upon which the defendants' liability was claimed is as follows: "Parties of the second part [defendants] hereby agree to be responsible to the party of the first part [plaintiff] for any increase of insurance over 1 per cent. (1%) premium per annum, which may be imposed by the various insurance companies on the building or on the stock and fixtures of any of the tenants in the building." It appeared by the evidence on the trial that the plaintiff, by reason of covenants in leases with the tenants, was liable to them for increases in insurance premiums caused by any extrahazardous risks in the building; that the insurance of the tenants was increased immediately after the entrance of the defendants as tenants; that the increase was caused by the nature of the business (lithographing) carried on by the defendants; and that plaintiff had paid to said tenants $812.25, being the excess of premiums over 1 per cent. paid by them. Defendants attempted to show that it was verbally agreed at the time of the execution of the lease between the

parties that the excess of premiums which the defendants would be called upon to pay would not exceed $100 in a year, and sought to use this alleged fact as a defense to the plaintiff's claim, and also to reform the lease in this respect. The defendants also attempted to interpose as counter-claims—*First*, a claim for future damages by reason of the alleged warranty of plaintiff that the increased insurance premiums would not amount to more than $100 in a year; *second*, another claim for damages by reason of the breach of an alleged verbal agreement of the plaintiff that the floor would sustain a weight of 500 pounds to the square foot, and also for breach of plaintiff's covenant to repair; and, *third*, a claim for damages caused by plaintiff's failure to heat the premises, as agreed in the lease. The first counter-claim, and also that relating to the sufficiency of the flooring, were dismissed because the evidence failed to support them. The third counter-claim (relating to heat) was withdrawn. The counter-claim for failure to repair, amounting to $40.75, was allowed, and a verdict was directed for the plaintiff for the amount paid by her to the other tenants, with interest, less said sum of $40.75. The court directed a verdict for $821.62 against H. Bencke and the H. Bencke Lithographic Company, and from the judgment entered thereon they appeal.

Argued before FREEDMAN and INGRAHAM, JJ.

*Blandy & Hatch*, for appellants. *De Lancy Nicoll*, for respondent.

INGRAHAM, J. Under this agreement, the defendants agreed to be responsible to the plaintiff for any increase of insurance over 1 per cent. per annum which might be imposed by the various insurance companies on the building, or on the stock and fixtures of any of the tenants in the building. There is no express provision that such increase for which the defendants were to be liable should be caused by the business or acts of the defendants. Nor is the liability confined to the amount that the plaintiff should have to pay either to the assurance companies or to the other tenants. The express agreement is that the defendants should pay to the plaintiff the increase of insurance over 1 per cent. per annum. Considering the circumstances surrounding the execution of the lease, the intention of the parties is clear. Plaintiff had become liable to other tenants to pay the increased insurance in case other parts of the building should be leased for purposes that would raise the cost of insurance. The building, with the exception of that portion about to be leased to the defendants, was all occupied, the uses to which it was to be put ascertained, and the costs of insurance fixed, and the only use of the building that could affect this liability was the use to which defendants would put the part of the building leased by them; and it was clearly to meet such an emergency as has arisen, and to prevent any dispute as to the causes of the increase in the cost of insurance, that the absolute liability for such increased cost was imposed upon the defendants, and, having agreed to that liability, I can see no reason why they should not be held to their agreement.

Counsel for the defendants conceded that the amount that plaintiff claimed was correct, under the ruling of the court, unless the counter-claim was established. We agree with the court below that defendants failed to establish the counter-claim set up in the answer, except to the extent that it was allowed. The statement of the agent of the plaintiff as to the extent of the defendants' liability under the clause in question was not in the nature of a warranty. The statement was made, when defendants hesitated about signing the lease, that the only chance defendants would run would be about whatever is over 1 per cent. on $40,000 of insurance. It is clear that this was a mere expression of opinion as to the amount of the insurance that would be affected by the business that defendant was about to carry on in the building. If defendants wished to limit the liability to the increased costs on $40,000 of insurance, that limitation should have been inserted in the lease. No request was made to have such a limitation inserted. This is not a case of

mutual mistake which would justify the court in reforming the instrument by the insertion of such a clause, as it was never intended by either party that there should be an express limitation of the liability, and the evidence does not show mistake on one side and fraud on the other such as would justify a reformation; and I think the parties must be held to the instrument as executed.

We have examined the other question presented, but think there was no error committed that requires a reversal of the judgment. The judgment must therefore be affirmed, with costs.