Hatch, J.
Among other things, plaintiff’s complaint alleged that he and one Emmett, as partners, entered into a contract with defendants to excavate a certain quantity of earth and material which defendants were obligated to remove by virtue of a contract with the Lehigh Valley Railroad Company; that said excavation was to be made for and at the agreed price of 16& cents per cubic yard, payments to be made upon the estimates of the engineer of the company as the work progressed; that after the making of the contract, and in the course of its performance, the same was modified as to the price of excavation, defendants agreeing to pay therefor the sum of 18 cents per cubic yard in place of 16J cents; that, in pursuance of the contract, plaintiff excavated 15,197 cubic yards of earth, and became entitled to receive therefor the sum of $2,735.46, but has only been paid $1,123.64, leaving balance due of $1,611.82, for which sum judgment was demanded; also alleged that prior to the commencement of the action said Emmett assigned his interest in the claim to plaintiff. The defendants, among other things, denied the alleged modification of the contract as to price, set up matter in defense and by way of counterclaim, and demanded judgment that plaintiff’s complaint be dismissed. Hpon the trial, evidence was given, under defendants’ objection and exception, tending to establish that, after plaintiffs entered upon the performance of the contract, they found the soil much softer and more difficult to remove than they had supposed, and, upon defendants’ attention being called to that fact, they *149 agreed to increase compensation of plaintiffs to 18 cents per cubic yard. The objection to this testimony was based upon the ground that there was no demand in the pleading for a reformation of the contract, and no allegation of any fraud or mistake in its inception ; that the claimed modification was without consideration to support it.
The testimony remained in the case, and the learned judge, in submitting the case to the jury, proceeded upon the theory that it presented a question of fact for the jury, as he charged that, if the character of the soil was different from that supposed by both parties at the time of the execution of the contract, then a case of mutual mistake was made out, which would furnish a sufficient consideration for the agreement to pay the enhanced price, but, if no such mutual mistake existed, then it was a voluntary promise, which would not support an agreement to pay additional compensation. Defendants excepted to the submission of this question to the jury, and also requested the court to charge that the evidence was insufficient to authorize a finding of said increase ; also that the evidence was insufficient upon which to base a consideration for the increase. Both of the requests being refused, defendants excepted. This question is thus properly presented, and its disposition involves a consideration of the testimony. It is first to be noticed that the complaint does not allege fraud or mistake in the execution of the contract, but the allegation upon which the evidence was admitted is found in the alleged modification of the contract. I assume that evidence under it of a valuable consideration would be competent, but whether a mistake of parties can furnish a basis of consideration, without allegation of such mistake, is not so clear. Marsh v. McNair, 99 N. Y., 178-180. In the view taken, however, it is not deemed necessary to pass upon this question. Before the contract was executed, the work was staked out by the engineer, and was pointed out to plaintiffs. They examined it. Emmett testified that there was a cut which ran through the work, which disclosed the character of the soil to be excavated, and that he could see it to within three or four feet of where he had to go. In this he was corroborated by Casterton, who testified that “ there was a cut right down through the work as far as that went, within three feet, and in some places within eight feet. The material was different at eight feet than it was at ten feet down.” Upon this point defendants’ testimony showed the same thing, except that it is more in detail, and shows with more certainty the character of the cut, and that it disclosed the material to be excavated and its character. It thus appears to he undisputed that plaintiffs, when they executed their contract, had knowledge of the surface of the soil to be removed, and also of that which lay beneath the surface. So that the condition of material and quantity was known to each party, and must have been or should have been clearly understood by both.
Upon this testimony, I am unable to see any ground upon which there can be predicated a basis of right to have the contract reformed or avoided for mutual mistake in the character of the *150 soil to be removed. If it could, not be reformed or avoided, then it cannot furnish a legal'consideration for enhancing the cost of performance of work which plaintiff was bound to do. It has long been well settled that a court of equity even is without power to make contracts for parties, and a mistake can only be corrected upon the clearest proof. Whittemore v. Farrington, 76 N. Y., 458; Stettheimer v. Killip, 75 id., 282. The proof of mutual mistake must be sufficiently clear to leave no room for doubt. Smith v. Knapp, 18 W. Dig., 95. An erroneous estimate of the extent of liability as a fact, in the absence of warranty or fraud, is not such mistake as will warrant relief from a contract. Noel v. Lithograph Co., 33 St. Rep., 759, affirmed on appeal, without opinion, 134 N. Y., 617; 47 St. Rep., 929. Proof that after the work was commenced it was found more difficult than was supposed, resting alone upon the testimony of the parties interested in increasing the pay, and disputed by a preponderance of testimony, coming in part from disinterested parties, coupled with the fact that opportunity existed, as we have seen, for examination, which was availed of, is, in my judgment, within the authorities cited, entirely insufficient to make out a case for relief based upon mutual mistake of the contracting parties, and consequently could not furnish consideration to uphold,a promise to pay an additional sum for the work. In this regard no dispute arose over any matter. Plaintiffs simply complained that there was more difficulty in the prosecution of the work than they had contemplated, and the soil was different, but their contract bound them to perform the work, and the enhanced difficulty of performance was no consideration for the promise to increase the pay. Vanderbilt v. Schreyer, 91 N. Y., 392 ; Robinson v. Jewett, 115 id., 40; 26 St. Rep., 387; Ward v. Building Co., 125 N. Y., 230; 34 St. Rep., 934. This discussion reaches the conclusion that the case did. not present evidence upon which the jury could find a valid agreement to increase the sum to be paid, and in consequence thereof the testimony objected to should have been excluded. The exception to the charge was well taken, and the defendants were entitled to the charge asked. There are other questions presented by this record which are clearly debatable, while the evidence to support plaintiff’s claim is slender almost, if not quite, to failure, in view of undisputed facts and circumstances, and defendants’ testimony. As we have reached the conclusion, for the error noted, that there must be a new trial, we do not deem it necessary to discuss the other features of the case.
Judgment and order appealed frotn reversed, new trial ordered, costs to abide event.
Titus, Ch. J„ concurs.