(6 Misc. Rep. 630.)

### CITY OF BUFFALO v. NEW YORK, L. E. & W. R. CO.

(Superior Court of Buffalo, General Term.   February 2, 1894.)

1. MUNICIPAL CORPORATIONS—ORDINANCES—DISCRIMINATION.
   An ordinance, general in its terms, requiring trains to stop at a certain street, which is crossed by only one railroad, is not subject to the objection that it discriminates against such railroad.

2. SAME—WHEN REASONABLE.
   An ordinance requiring trains to come to a full stop before crossing a certain street is a reasonable exercise of the power, conferred by the

city charter, (Laws 1891, c. 105, § 17, subd. 7,) "to prohibit or regulate the use of locomotive engines and of steam, and to regulate the motive power or speed of any portion of any railroad within the city."

Reargument.  Affirmed.

For decision on appeal, see 23 N. Y. Supp. 303.

Argued before TITUS, C. J., and HATCH, J.

Sprague, Morey, Sprague & Brownell, for appellant.

George M. Browne, for respondent.

TITUS, C. J.    This case comes before us on a motion for a re-argument.    When the case was considered by this court on a former hearing, it was stated, in the opinion of the court, (23 N. Y. Supp. 303,) that "at page 235 of the minutes of the court below it appears that it was stipulated that the testimony in regard to trains stopping at Hydraulic street might be stricken out, thus leaving no testimony in the case of a failure to stop before crossing any of the streets mentioned in the ordinance.    It is, therefore, unnecessary to pass upon the validity or unreasonableness of this section of the ordinance, because there is no evidence that the ordinance was violated by the defendant."    Although it appears from the return that such a stipulation was made and entered in the minutes of the court, the counsel for the respective parties now appear in open court and stipulate that the testimony relating to trains stopping at Hydraulic street was not stricken out, but that the stipulation had reference to trains stopping at Hydraulic street, as tending to show an admission on the part of the defendant of the existence of that street, and that the testimony relating to the violation of the ordinance in not stopping the defendant's trains at Hydraulic street is still in the case.

This being the situation, the question of validity of the ordinance was not passed upon on the former hearing.    The evidence establishes the fact that Hydraulic street is a public highway, and, under the ordinance, trains are required to make a stop at that street. This, the evidence shows conclusively, the defendant did not do, but passed it without stopping, in violation of the ordinance.    The defendant claims the ordinance is invalid, because it discriminates against the defendant corporation.    The ordinance is general in its terms, and applies to all railroads alike, and the fact that other roads do not cross the street does not seem to me to render the ordinance invalid, if it is a reasonable exercise of the power conferred by the legislature upon the common council by subdivision 7, § 17, of the charter, (chapter 105, Laws 1891,) "to prohibit or regulate the use of locomotive engines and of steam, and to regulate the motive power and speed on any portion of any railroad within the city. * * *"    We think, in view of the evil sought to be remedied, that the ordinance is reasonable and valid, within the cases cited in the opinion of the court when the case was first before us.    We do not think the ruling of the court below on the admission or rejection of evidence was error, and the judgment should not be disturbed on that account.    This determination necessitates a modification

of the order made at the last general term, in which the judgment of the municipal court was modified by deducting from the recovery one penalty of $50, and reducing the taxable costs awarded in the court below from $15 to $8. The order of the court should be that the judgment of the municipal court be affirmed, with costs.