No. 1,603.

## BURKE v. LUKENS.

LIENS.—*Priority of.*—*Street Assessment Liens.*—*The Last Shall be First and the First Last.*—Since it is the theory of the law that every street improvement enhances the value of the property at least to the extent of the assessment lien, so every improvement made increases the security for the payment of assessments previously made, and, therefore, it follows that the last assessment for such improvement must take precedence, as a lien, over those previously made.

From the Madison Circuit Court.

*T. B. Orr*, for appellant.

*L. B. Jackson*, *G. Harper*, *F. S. Ellison* and *W. A. Sprong*, for appellee.

Ross, C. J.—The question presented by the record in this case involves the determination of the priority of liens.

The question arises upon the facts found by the court in its special finding, which are conceded to be correct, and are as follows:

That on the 28th day of May, 1892, one Harrison J. Gregory was the legal owner of lot two hundred and eighty-seven (287) in Hazelwood addition to the city of Anderson, in Madison county, and State of Indiana; that on said day said Gregory and his wife mortgaged said lot to "N. C. McCullough & Co.," a partnership firm; that all of the partners in said firm were properly made parties in this suit; that said mortgage was given to secure the payment of the note of the said Gregory in the sum of $125 and interest, and that said mortgage was duly recorded in the recorder's office of said county on the 28th day of May, 1892, and that said note is still unpaid; that on September 9, 1892, the common council of

said city of Anderson, by proper order entered of record, ordered and directed the improvement, by the grading and graveling of 22d street from Madison avenue to Harrison street in said city; that said lot has a frontage lengthwise on said 22d street of 127 feet; that on October 3, 1892, the said council let the contract for the improvement of said street to Lukens & Turner, who entered into contract and bond as required by said council for the improvement of said street; that the said contractors completed said improvement according to the plans and specifications therefor, and that the said work was accepted by the common council of said city on November 15, 1892, and a final assessment was made on said day, by said council, on all the lands and lots abutting thereon, to pay the cost of said improvement, by which assessment said lot 287 was assessed the sum of $95.25, its proportionate share of the total cost of said improvement; that said assessment was, at the commencement of this suit, and still is, due and remains wholly unpaid, and that $25 is a reasonable attorney's fee for the cross-complainant Lukens attorney for his services rendered herein, and that the defendant Turner has no interest in said assessment, and that the whole amount thereof belongs to the cross-complainant, Benjamin Lukens; that on September 12, 1892, the common council of the said city of Anderson, Indiana, ordered the improvement of Locust street, from Pendleton avenue to Eleventh street in said city, by grading, graveling, curbing and bouldering the said street according to specifications provided therefor; that said lot has a frontage, endwise, on said Locust street of 50 feet; that said improvement was ordered made under and according to the provisions of what is commonly known as the "Barrett law" of Indiana; that on October 3, 1892, the said council let the contract for the improvement of said Locust street to this plaintiff, Newton

Burke, who entered into contract and bond as required by said council for the improvement of said Locust street; that said Newton Burke completed said improvement according to the plans and specifications therefor, and that said work was duly accepted by said council of said city, on July 10, 1893, and on August 14, 1893, the said council made, approved, and confirmed the final assessment of the cost of said improvement on all of the lots and lands abutting on said Locust street, by which assessment the said lot 287 was assessed the sum of $81.50, its *pro rata* share of the total cost of said improvement; that said assessment was not waived, and has never been paid, and was at the commencement of this suit due; that $25 is a reasonable fee for plaintiff's attorney for services rendered herein; that the defendant Winfield T. Durbin is now and was at the commencement of this suit the owner and holder of the legal title to said lot. Each of the other defendants not specially named in this decree has no interest in the subject-matter of this suit."

Upon these facts the court concluded as follows:

"The court states as its conclusions of law upon the foregoing facts, that said Lukens and said Burke each have a lien upon said lot, which they are each entitled to have foreclosed herein; that the lien of said Lukens is superior to the lien of said Burke, and that said liens should be foreclosed accordingly."

The statute section 4290, R. S. 1894 (section 814, E. S.), provides that assessments for street improvements "with the interest accruing thereon, shall be a lien upon the property so assessed and shall remain a lien until fully paid, and shall have precedence over all other liens, excepting taxes."

It is contended, however, by appellant that although the assessment for the street improvement under which

his lien accrued was made subsequent to that under which appellee claims and for an improvement made after that under which appellee's lien accrued, yet that liens for such improvements stand upon the same footing as liens for taxes, the last one made becoming the superior lien.

The statute, section 4290, *supra,* creating the lien, provides that it shall have precedence over all other liens, excepting taxes. A strict construction of the wording of the statute fully warrants appellant's assumption that the last lien of this kind acquired must have precedence over all other liens of a like character. The theory of the law is that every improvement of this character to the extent of the improvement enhances the value of the property. So every improvement made increases the security for the payment of assessments previously made. The only lien over which an assessment for street improvements shall not take precedence is that for taxes. It follows, therefore, that the last assessment for such improvement must take precedence as a lien over those previously made.

The court, therefore, erred in concluding that the appellee's lien was senior to the appellant's.

Judgment reversed, with instructions to the court below to restate its conclusions of law in conformity with the views heretofore expressed.

Filed May 1, 1895; petition for rehearing overruled June 6, 1895.