JACKSON v. MASON.

SCHOOLS—PUPILS—COMPULSORY ATTENDANCE—AGE LIMIT—STATUTE—CONSTRUCTION.

> Act No. 200, Pub. Acts 1905, providing for the compulsory education of children " between and including the ages of seven and fifteen years," does not require the sending to school of a child between the ages of fifteen and sixteen, the word "including" having no force to extend the limit beyond the time specifically designated. MONTGOMERY and HOOKER, JJ., dissenting.

Certiorari to Kalamazoo; Adams, J. Submitted May 1, 1906. (Calendar No. 21,674.) Decided July 23, 1906.

Mandamus by H. Clair Jackson, prosecuting attorney, to compel Lynn B. Mason, judge of the recorder's court of the city of Kalamazoo, to issue a warrant for the violation of Act No. 200, Pub. Acts 1905. There was an order denying the writ, and relator brings certiorari. Affirmed.

*H. Clair Jackson*, in pro. per.

*Lynn B. Mason*, in pro. per.

*Henry E. Chase*, Deputy Attorney General, and *Thomas Ambrose Lawler*, Assistant Attorney General, for the superintendent of public instruction.

McALVAY, J. Certiorari to mandamus proceedings before the circuit court for Kalamazoo county. Relator, prosecuting attorney for Kalamazoo county, by written order directed and requested respondent, judge of the recorder's court of the city of Kalamazoo, to take the complaint of John H. Blaney, and issue a warrant for one Arend Bos of said city, for a violation of Act No. 200 of the Public Acts of 1905. The recorder took said complaint, but refused to·issue a warrant upon it, for the reason that in his opinion. the complaint did not set forth a violation of said act. Said act is entitled:

"An act to provide for the compulsory education of children, for penalties for failure to comply with the provisions of this act, and to repeal all acts or parts of acts conflicting with the provisions of the same."

Section 1 provides:

"Every parent, guardian, or other person in the State of Michigan having control and charge of any child or children between and including the ages of seven and fifteen years, shall be required to send such child or children to the public schools during the entire school year. * * *"

Section 3 makes a failure to comply with the provisions of the act a misdemeanor and fixes the penalty. The child in this case was of the age of *15 years and 3 months.* An order to show why a writ of mandamus should not issue compelling respondent to issue said warrant, issued from the circuit court, and upon a hearing the writ was denied, and the proceeding dismissed. The provision of the act repealed by this act relative to the age limit was, "* * * between the ages of eight and fifteen years, and in cities between the ages of seven and fifteen years." Act No. 83, Pub. Acts 1901. This repealed the provision of a former act which was as follows: "* * * between the ages of eight and fourteen years and in cities between the ages of seven and sixteen years." Act No. 95, Pub. Acts 1895.

The only question in the case is whether the statute applies to children above the age of 15 years. The circuit court held that it did not, and error is alleged upon such holding. The contention of the relator is that it applies to children over 7 years and under 16 years of age. The words of the statute before us for construction are, "any child or children between and including the ages of seven and fifteen years." It is urged that to give any force to the word "*including*" the section must be construed to include children during the entire fifteenth year and until they become sixteen years old. We think to do so would be a doubtful construction and the court should hesitate to make an act a crime by such means. The statute is

not ambiguous in designating the age limit between the ages of 7 and 15 years. The word "including" has no force to extend that limit beyond the time specifically designated. A child over 15 years of age is not between the ages of 7 and 15 years, and therefore not within the provisions of the act. An examination of these provisions of the earlier acts shows: That by the act of 1895 compulsory education was enforceable for a period of 6 years as to children not in cities, and as to children in cities for a period of 9 years; that by the act of 1901 compulsory education was enforceable for a period of 7 years as to children not in cities, and as to children in cities for a period of 8 years. In each of these acts the children in cities were subject to its provisions one year earlier in life than other children in the State. The evident intent of the legislature in the portion of the act of 1905 under discussion, establishing the limit between the ages of 7 and 15 years, being a period of 8 years, was to fix the same age limit for all of the children in the State, at such a time in their lives, and for such a term between the two extremes of the former acts, as experience had shown would be most satisfactory.

The judgment of the circuit court is affirmed, without costs.

CARPENTER, C. J., and GRANT, BLAIR, OSTRANDER, and MOORE, JJ., concurred with McALVAY, J.

MONTGOMERY, J. We think the statute treats the year as the unit, and that it follows that the words 7 to 15 years inclusive includes the year in which the child is generally spoken of as 15 years of age. See 1 Comp. Laws, § 50.

HOOKER, J., concurred with MONTGOMERY, J.