# SCHMIDT *v.* TAIT.

PATENTS; APPEAL AND ERROR; FILING TRANSCRIPT; DISMISSAL; REHEARING.

1. Rule XV. sec. 1, relating to docketing and dismissing appeals when the transcript shall not have been filed within forty days from the perfection of the appeal, was devised to apply to causes tried in the supreme court of the District and sought to be appealed.

2. As to whether the Commissioner of Patents, upon appeal from a decision by him, has power to extend the time for filing a transcript of the record beyond the forty days allowed therefor by rules of court,— *quære.*

2. The power, if any, of the Commissioner of Patents upon appeal from a decision by him, to extend the time for filing the transcript of the record beyond the forty days allowed therefor by rule of the court, cannot be exercised upon an application filed after the expiration of that time.

4. Where a party, having noted an appeal from a decision of the Commissioner of Patents, fails to file a transcript of the record within the time allowed therefor by rule of this court, it is the Commissioner's duty, in obedience to rule XXI. sec. 2, to grant a motion by appellee to take further proceedings necessary to dispose of his case, "as though no notice of appeal had ever been given."

5. As to whether an appellee in an appeal from a decision by the Com-

missioner of Patents may docket and dismiss the appeal when the transcript of the record is not filed within the forty days allowed by rule XV. sec. 1, relating to docketing and dismissing appeals from decisions of the supreme court of the District of Columbia, in view of rule XXI. sec. 6, providing that appeals from the Commissioner of Patents shall be subject to all the rules of court provided for other cases therein, except where such rules, from the nature of the case, or by reason of special provisions, are not applicable,—*quære.*

6. As to whether the Commissioner of Patents may grant a rehearing after an appeal from his decision has failed because a transcript of a record was not filed within the time allowed therefor by the rules of the court,—*quære.*

No. 919.    Patent Appeal.    Submitted April 8, 1914.    Decided April 16, 1914.

MOTION to docket and dismiss an appeal from a decision of the Commissioner of Patents in an interference proceeding.

*Dismissed without prejudice.*

The facts are stated in the opinion.

*Mr. F. E. Barrows* for the motion.

No appearance in opposition.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The appellee, Godfrey S. Tait, has filed a motion to docket and dismiss the appeal in this case which was taken by Peter G. Schmidt from a decision of the Commissioner of Patents in an interference case.

The decision of the First Assistant Commissioner awarding priority to Tait was rendered December 3, 1913. A motion for rehearing was denied by the Assistant Commissioner, and notice of appeal was entered January 8, 1914. The record was not filed with the clerk of this court within the forty days allowed therefor by the rule, which expired February 28th.

March 16th, Tait filed a motion in the Patent Office, requesting the further proceedings necessary to the final disposition of his application in accordance with the decision awarding him priority. See rule XXI. sec. 2. This motion was denied by the Assistant Commissioner on March 26, and an order was entered by him extending the time for filing the record to April 7. The record has not been filed; but it appears that a second motion for rehearing was filed by Schmidt on March 30, and the same is depending.

Rule XV. sec. 1, relating to docketing and dismissing appeals when the transcript shall not have been filed within forty days from the perfection of appeal, was devised to apply to causes tried in the supreme court of the District, and undertaken to be appealed therefrom. Section 6 of rule XXI., relating to appeals from the Commissioner of Patents, reads as follows: "The appeals from the Commissioner of Patents shall be subject to all the rules of this court provided for other cases therein, except where such rules, from the nature of the case, or by reason of special provisions inconsistent therewith, are not applicable." On an *ex parte* motion, and without the benefit of argument, we prefer not to determine whether, under the foregoing section, the Commissioner of Patents has the power to grant an extension of the time for filing the record; or whether a party to a cause decided by the Commissioner in his favor that has been appealed therefrom, is entitled to the right to docket and dismiss the appeal as provided in rule XV., for the determination of neither point is essential.

The exhibits attached to the appellee's motion show that the extension of time was granted after the forty-day period had expired, and presumably upon an application for extension filed thereafter also.

Assuming, without deciding, that the Commissioner may have the power to grant an extension of the time for filing the record, that power, as is the case with the courts, could only be exercised before the expiration of the forty days provided by the rule. The appellant having failed to file his record within the forty days from notice of his appeal, it was the duty of the

Commissioner to grant appellee's motion to take further proceedings necessary to dispose of his case, "as though no notice of appeal had even been given." Rule XXI. sec. 2.

Doubtless, the motion for further proceedings will now be granted. For this reason, and also because of the depending motion for rehearing, it is not necessary to determine whether the rule relating to docketing and dismissing appeals applies to decisions of the Commissioner of Patents; and the motion to that end will be dismissed without prejudice. By referring to the pending motion for rehearing, we are not to be construed as intimating that after the expiration of the forty days from the entry of notice of appeal, the Commissioner has the power to grant a rehearing. That question is not before us.

The motion is dismissed without prejudice.          *Dismissed.*