# IN RE HITCHCOCK.

### PATENTS; APPEALS; RULES.

1. Attorneys of this court are conclusively presumed to know its rules, and, if they fail to observe them, they and the parties they represent must bear the consequences, except where they are excused by cogent reasons.

2. An intention to appeal does not constitute an appeal, and the fact that a party has overlooked a rule of court relating to the perfecting of appeals does not afford ground for excusing his delinquency. If he has done something, although imperfectly, towards perfecting his appeal, relief may possibly be granted him.

No. 1162. Patent Appeals. Dismissed November 24, 1917. Petition to reinstate submitted December 3, 1917. Petition denied January 7, 1918.

HEARING on a petition to reinstate an appeal which was dismissed because not taken within the time prescribed by the rules. *Petition denied.*

*Mr. Frederick W. Winter* for the petitioner.

Mr. Chief Justice Smyth delivered the opinion of the Court:

This is an application to reinstate an appeal which was dismissed because not taken within the forty days allowed by rule 21 governing appeals from decisions of the Commissioner of Patents. The applicant, Halbert K. Hitchcock, earnestly urges in his brief that the case should be restored to the docket, and for reasons assigns: (a) That he intended to take an appeal, and notified the Commissioner of this intention; (b) that he was endeavoring to procure certain affidavits to be filed in the Patent Office after the Commissioner's decision; and (c) that he had inadvertently overlooked the requirement of the rule. An intention to appeal does not constitute an appeal, or even a step in that direction. If the applicant had done something, though imperfectly, in the way of perfecting his appeal, he might have come within the decision in *Alaska United Gold Min. Co.* v. *Keating,* 53 C. C. A. 655, 116 Fed. 561, strongly relied upon by him, but he did not. The affidavits which he was assembling could not, of course, be considered by us in reviewing a decision of the Commissioner rendered before they were filed; they were immaterial. If the fact that he overlooked the rule formed a sufficient ground for excusing his delinquency, we might as well abolish the rules, and this we are unwilling to do. They are necessary to the orderly and expeditious despatch of business. We find they serve that purpose, and they must be enforced. Nearly every week one or more applications are made to us to relieve parties from the consequence of their failure to observe them. The most trivial excuses are offered, at times. We are compelled to deny most of the applications. This is not a pleasant duty, and we would like to be relieved from it, which can easily be done by attorneys giving heed to the rules. Practitioners at this bar are conclusively presumed to know the rules; and if they fail to observe them, they and their clients must bear what follows, except where they are excused by cogent reasons. The application is denied.

*Denied.*