### NELSON v. BERRY et al.
Patent Appeal No. 2923.

Court of Customs and Patent Appeals.
June 20, 1932.

Ramsey & Kent, of New York City (Frank J. Kent and George Ramsey, both of New York City, and Charles S. Grindle, of Washington, D. C., of counsel), for appellant.

Melville Church, of Washington, D. C., Richey & Watts and F. M. Bosworth, all of Cleveland, Ohio, and Donald A. Gardiner, of Washington, D. C. (Verne A. Trask and G. B. Schley, both of Indianapolis, Ind., and Harold F. McNenny, of Cleveland, Ohio, of counsel), for appellees.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

Except as hereinafter related, Jardine, whose name appears in the caption in the relation of an appellee, is not a party to the appeal before us, and the issue upon the merits of the four interferences involved is solely between Nelson and Berry.

A series of interferences were declared by the proper tribunals of the United States Patent Office between respective applications of different parties for patents, the subject-matter of which, generally stated, was alleged improvements in pistons composed in part of aluminum alloy.

In two of these interferences, viz. Nos. 53,856 and 55,250, Jardine was a party along with Nelson and Berry. In Nos. 53,856 and 53,857, there seems to have been originally another party by the name of Breer, and in No. 55,250 a caption in the record indicates that at one time there was a party by the name of Welty involved.

Breer and Welty were eliminated in early proceedings, and neither were parties to the controversy decided by the Board of Appeals in the four decisions from which appeals were taken to this court. For the purpose of the trial, the several appeals were consolidated, a single record made up, and single briefs filed by the respective attorneys for Nelson and Berry.

In both the cases in which Jardine was a party, his relation was that of junior; Berry being the senior party and Nelson an intermediate party.

From the decisions of the Board of Appeals adverse to him, Jardine did not appeal to this court, although he seems to have given notice of appeal in interference No. 55,250. Since he did not perfect same, he cannot be regarded as a party to the appeal before us.

However, Jardine has sought to become a party before this court to the extent of being permitted to enter a motion to stay further proceedings in this court as to interferences Nos. 53,856 and 55,250, pending a determination of certain issues stated to be involved in an equity suit alleged to be "pending and ready for trial in the [United States District Court for the] Eastern District of Michigan, Southern Division," the style of which is Cleveland Trust Company v. Nelson et al. It is claimed that said suit is an equity proceeding under section 4915, R. S. (35 USCA § 63), "involving the same issues as the appeals on interferences Nos. 53,856 and 55,250." It is further stated that the Cleveland Trust Company is the assignee of the two Jardine applications involved in said interferences.

The said motion was physically filed in the office of the clerk of this court and brought to the court's attention on March 4, 1932, after the case had been set for hearing for March 11, 1932.

Both of the actual parties in interest, Nelson on March 7th and Berry on March 10th, filed written objection to the said motion by Jardine, and both vigorously contest his right to enter such motion, or have same considered, principally upon the ground that Jardine is not a party to the proceedings before this court.

When the cause came on for hearing, the court granted Jardine's attorney permission to argue in behalf of his motion, and, after argument by the respective attorneys for the other parties, announced that same would be taken under consideration to be later determined. The cause was then argued upon the merits by counsel for Nelson and Berry, respectively.

The said motion to stay demands our first attention, since, if it be one proper to be granted, the result would be a stay of proceedings here upon interferences Nos. 53,856 and 55,250, and we should proceed to final determination of only interferences Nos. 53,857 and 55,252.

In the brief filed by counsel for Jardine upon the contested motion, there is what we

understand is agreed to be a transcript or reproduction of the pleadings, motions, and certain orders of the court in the equity suit aforementioned. These include an order overruling a motion by Berry and his assignee to dismiss the suit on the ground that section 4915, R. S., is unconstitutional and void because the proceeding under it is neither a "case" nor a "controversy" in the constitutional sense. Hence it was argued that the United States District Court might not take jurisdiction. Other jurisdictional questions seem to have been subsequently raised which are to be relied upon at final hearing before that court.

The original bill in equity of the Cleveland Trust Company is stated in the brief for Jardine, upon the motion here under consideration, to have been filed September 11, 1930, following the decisions of the Board of Appeals on August 21, 1930. Nelson gave notice of his appeals to this court on September 23, 1930, and thereafter perfected them. So, whatever of jurisdiction the United States District Court of the Southern Division of Michigan may have had attached before Nelson's appeal brought the issue to us.

It is accordingly argued that comity between courts requires that the court first acquiring jurisdiction should retain it until disposition of the cause and the court subsequently acquiring jurisdiction should stay its hand pending such disposition to avoid interference or conflict between the courts; Sharon v. Terry et al. (C. C.) 36 F. 337, 1 L. R. A. 572, and numerous other cases being cited.

Also argument for Jardine's motion is predicated upon the relation between appeals to this court and suits in equity; it being possible for courts in the latter kind of suits to consider and determine certain questions which by the limitations of the statute this court is not at liberty to adjudicate in an interference proceeding. Another argument is based upon allegations relating to jurisdictional questions, such as whether the jurisdiction of the court in an equity proceeding is exclusive of, or concurrent with, our own. It is insisted that, applying the rule of comity, the United States District Court under the circumstances of this controversy should be permitted first to pass upon that question.

In so far as the matter of comity be concerned, this court is in full sympathy with the rule announced in the cases referred to, and it is our purpose in all instances to com-

ply with same. However, in applying this rule, the courts are not at liberty to disregard rights which the law assures to litigants themselves.

In the instant case it must not be overlooked that the only issue before us is the question of priority between Nelson and Berry. Nothing which we may decide can affect the rights of Jardine or his assignee in the equity proceeding. That suit primarily involves priority, or whatever other questions proper to be there adjudicated, between Jardine and the other parties. Incidentally, Nelson sets up a counterclaim and prays the District Court to adjudge priority to him against Berry as well as against Jardine, but this course, we assume, was dictated by caution. Berry, of course, seeks no affirmative relief in the equity proceeding having won in the Patent Office, but in an amended and supplemental reply he challenges the jurisdiction of the District Court, under the facts appearing, to grant Nelson's claims against himself (Berry).

Whether the District Court will find itself able to consider the prayer of Nelson for relief against Berry, under the circumstances of the case, does not seem to be an essential or proper matter for an expression of opinion by us.

There is a suggestion before us that the statute is not altogether clear that a losing party in an interference case has the right to proceed in equity. Section 4915, R. S., apparently relates primarily to ex parte cases where a patent has been refused, but expressions in the section about "opposing party" and "adverse parties" indicate that the right to go into equity is not confined to such ex parte controversies.

We do not find it necessary or proper to pass upon this question. There is no contention here that we do not have jurisdiction. The only contention is that as a matter of comity we should temporarily stay proceedings. Whether Nelson might have proceeded in equity is immaterial to the present issue. It seems clear from the language of section 4911, R. S. (35 USCA § 59a), that Berry might have forced action in equity had he chosen so to do, but Nelson appealed here, and here Berry meets him.

Both are before us insisting that we shall exercise the jurisdiction which the statute vests in this court, and pass upon the only question involved—that of priority between them, leaving Jardine, of course, to his remedy in the tribunal which he elected to enter.

Under all the circumstances existing, it

seems to us they have the legal right to demand that of this court, that it is our duty to proceed to a decision, and that in so doing we are not trespassing upon the jurisdiction of the United States District Court of Michigan, nor violating any rule of comity.

Jardine's motion to stay is dismissed, and we proceed to a decision upon the merits in all four of the interferences before us on appeal.

■ Interference No. 53,856 was treated as the principal interference by the tribunals of the Patent Office and by the parties in the hearing before us.

The single count of said interference reads: "In a piston, a head, a separate sectional skirt of aluminum alloy, and steel struts extending transversely of the piston pin bearings uniting the sections to each other and to the head, said struts having their opposite ends buried in the respective skirt sections, substantially as set forth."

Berry was awarded the date of September 28, 1921, for conception and given the filing date of his application, March 20, 1922, for reduction to practice. Nelson was awarded April 8, 1921, for conception and given his filing date of June 5, 1923, for reduction to practice.

■ Nelson was therefore the first to conceive and the last to reduce to practice. Under such circumstances, it was incumbent upon him to show diligence from the time just prior to Berry's entrance into the field, September 28, 1921, until his (Nelson's) filing date of June 5, 1923.

The Board of Appeals said: "* * * With the exception of the last few weeks, Nelson was doing nothing throughout this period that involved the invention defined in the count. After the sketch of April 8, 1921, the first documentary evidence produced by Nelson pertaining to the invention in issue is the blue print forming his Exhibit No. 86. This print is dated May 3, 1923. During the period that Berry entered the field and reduced to practice Nelson's activities were devoted to other types of piston which he had elected to develop in preference to the type defined in the count. That work was not for the purpose of enabling him to secure a reduction to practice of the invention in issue. Such reduction to practice evidently could have been secured at any time after April 8, 1921, either by building and testing the piston shown in the Exhibit No. 45 sketch or by filing an application. Clearly enough Nelson was lacking in due diligence."

The record in this case covering all the interferences is quite a voluminous one; there being more than 1,200 pages of printed testimony and a large number of exhibits, such as drawings, blueprints, shell casts, pistons of various types, molds, photographs, etc. The examination of the record has naturally required much time and care. In his opinion the Examiner of Interferences reviewed the testimony quite fully, and this review was approved by the Board in its decision. We think it ample and satisfactory, and it does not appear necessary to lengthen unduly this opinion by our setting out another review of same. The contentions of Nelson's brief, restated in the oral argument, have been carefully studied in connection with the appropriate parts of the record.

We find nothing which, in our opinion, would justify a reversal of the concurring decisions of the tribunals of the Patent Office.

What has been said supra applies also to the decisions in the other cases. Nothing would be added to the opinion by a recital of the counts.

We find no error in the decisions of the Board of Appeals, and each of them is affirmed.

Affirmed.