CITIZENS TRUST AND SAVINGS BANK OF SOUTH BEND *v.*
FLETCHER AMERICAN COMPANY ET AL.

[No. 26,462. Filed June 20, 1934. Rehearing denied
November 1, 1934.]

*Seebirt, Oare, Deahl & Omacht,* for appellant.

*Hugh E. Carroll, Paul F. Rountree, Charles M. Reed,* and *Matson, Ross, McCord & Clifford,* for appellees.

FANSLER, J.—Appellees are the owners of public improvement bonds issued against certain property by the city of Hammond, under Improvement Resolution No. 1497, pursuant to §§10487-10492, Burns 1926. Appellant is the owner of improvement bonds issued against the same property by the city of Hammond, pursuant to §§10566-10575, Burns 1926. The lien of appellees' bonds, issued under Improvement Resolution No. 1497, attached September 13, 1926, and the lien of those issued under Improvement Resolution No. 1534, attached November 15, 1926. Appellant's bonds were issued under Improvement Resolution No. 1281, and the lien attached on September 2, 1925. All of the bonds were issued for the improvement of, and are liens upon, the same real estate.

Appellees filed a complaint in two paragraphs; the first seeking foreclosure under the lien resulting from Improvement Resolution No. 1497, and the second seeking foreclosure under the lien resulting from Improvement Resolution No. 1534. Appellant answered this complaint in three paragraphs; the first a general denial, the second asserting that its lien under Improvement Resolution No. 1281 was equal in rank and priority to the liens claimed by appellees, and the third

asserting that its lien having first attached is entitled to precedence over appellees' liens. The cause was submitted to the court upon stipulated facts, and the court found for appellees, that their liens were prior to appellant's lien, and judgment was had accordingly.

The error assigned here is the overruling of appellant's motion for a new trial. But a single question is presented. Where two or more public improvements are made at different times, under either or both of the statutes above referred to, and liens arise upon the same property for assessed benefits, are the liens of the assessments equal, or does the first or the last lien have priority?

The statute under which appellees' liens arose provides that the lien "shall have precedence over all liens, except taxes." By provision of the statute under which appellant's lien arose, the character of the lien is controlled by §10445, Burns 1926, §48-2711, Burns 1933, §11662, Baldwin's 1934. It also provides that the lien "shall have precedence over all liens, except taxes." Each side contends that the statute gives its lien priority over the other.

The liens are purely statutory, and their character, extent, and priorities must be determined from the statute. *State ex rel. Ely, Drainage Commissioner* v. *Aetna Life Ins. Co.* (1889), 117 Ind. 251, 252, 20 N. E. 144; *Wilt* v. *Bueter, Treas.* (1916), 186 Ind. 98, 111 N. E. 926; *Brownell Improvement Co.* v. *Nixon* (1910), 48 Ind. App. 195, 92 N. E. 693, 95 N. E. 585.

This same question was before the Appellate Court in the case of *Burke* v. *Lukens* (1895), 12 Ind. App. 648, 651, 40 N. E. 641, 50 Am. St. R. 539. The court said:

"A strict construction of the wording of the statute fully warrants appellant's assumption that the last lien of this kind acquired must

have precedence over all other liens of a like character. The theory of the law is that every improvement of this character to the extent of the improvement enhances the value of the property. So every improvement made increases the security for the payment of assessments previously made. . . . It follows, therefore, that the last assessment for such improvement must take precedence as a lien over those previously made."

But there is no express provision in the statute giving precedence to the latter lien. As was said by Elliott, J., in *State ex rel. Ely, Drainage Commissioner* v. *Aetna Life Ins. Co., supra:*

"We do not doubt that it would have been within the power of the Legislature to provide by express words that the lien should have priority over pre-existing mortgages. . . . But there is no such provision in our statute, and the question is whether the courts can put one there."

In *Burke* v. *Lukens, supra,* it is argued that every improvement may increase the security for payment of the assessments previously made, but, as said by Judge Elliott in the last case cited:

"We appreciate the force of the appellant's argument, but think it one that should be addressed to the Legislature rather than the courts."

Arguments as to the wisdom, justice, or equity of priorities must be addressed to the legislature for its consideration in framing statutes on the subject, for the shaping of policies in respect to such matter rests with the legislature, and not with the courts.

In the opinion in the case of *Brownell Improvement Co.* v. *Nixon, supra,* Myers, J., now of this court, said, (p. 200) :

"This court in the case of *Burke* v. *Lukens, supra,* on the theory that every improvement of streets, to the extent of the assessments therefor, enhances the value of the property assessed, read

into the statute the words 'of a like character.' Upon a careful re-examination of that statute, we conclude that the reason given for the added words will not justify such a material addition."

It is provided by §247, Burns 1926 that in construing statutes, words shall be taken in their plain or ordinary sense, unless such construction be plainly repugnant to the intent of the legislature, or the context of the same statute. We find nothing in the statutes referred to, or elsewhere, indicating an intention that the words "shall have precedence over all liens, except taxes" should be taken to mean anything different than is implied by the plain or ordinary and usual sense of the words, nor is such a construction plainly repugnant to any manifest intention of the legislature as shown by the context of the same statute.

The meaning of the word "all" is clear and easily understood. The language "shall have precedence over all liens, except taxes," does not mean all prior liens, or all subsequent liens, or all mortgage liens, or all liens, except taxes and subsequent improvement liens, or all liens, except taxes and prior improvement liens. If appellees' liens are to be given priority, the statute must be read as giving appellant's lien "precedence over all liens, except taxes and subsequent improvement liens," and if appellant is to be given preference, the statute must be treated as giving appellees' liens "precedence over all liens, except taxes and prior improvement liens." But we know of no rule of construction that will permit us to add qualifying or limiting words to this provision of the statute. The word "all" must be construed as meaning all, without exception or reservation, and to cover other liens, except taxes only, both prior and subsequent. In other words, when the liens were created, the statute said to both appellant and appellees: "No lien arising prior or

subsequent to your lien will take precedence over you, except the lien of taxes." It must follow, therefore, that since the lien of each takes precedence over all, except only the lien of taxes, no other exception can be created, and the court cannot say to either: "Your lien has precedence over all liens, except taxes and one other lien." The liens, therefore, each taking precedence over all, are equal, and neither may have precedence over the other.

The court erred in finding that appellees' liens were prior to appellant's.

Judgment is reversed, with instructions to sustain appellant's motion for a new trial, and to enter judgment consistent with this opinion.

### ON PETITION FOR REHEARING.

FANSLER, J.—In a petition for rehearing appellees vigorously contend that "the court erred in disregarding the rule of law that the legislature, having reenacted the pharse 'shall have precedence over all liens except taxes' after the Appellate Court in *Burke* v. *Lukens*, 12 Ind. App. 648, had construed such words to mean that the later of two liens so described take precedence over the earlier, adopted that construction." *Burke* v. *Lukens*, decided in 1895, construed chapter CXVIII, Acts 1889, which had been repealed before a decision was announced. In 1905, in another act relating to the same subject-matter, the legislature adopted substantially the same language as contained in the Act of 1889 concerning the precedence of liens, and appellees say in their brief: "The General Assembly of 1923, in fixing the priority of appellees' liens again reenacted such words after the decisions in both the Burke and Brownell cases." Before the enactment of 1923, the Appellate Court, in the case of *Brownell Improvement Co.* v. *Nixon* (1910), 48 Ind. App. 195, 92

N. E. 693, had expressly disapproved of the construction of the language involved in *Burke* v. *Lukens,* and, if the legislature can be presumed to have had cognizance of the first case, it must be presumed to have had cognizance of the last, and it is difficult to see how it can be presumed that it intended to adopt the first view of the Appellate Court as to the meaning of the language involved and ignore the later expressed view of that court upon the same subject.

In construing a statute the effort of this court is to determine the legislative intent. Where words in a statute are of doubtful import, this court will give consideration to the construction that may have been put upon the statute by inferior or intermediate courts, or by governmental departments, and, if such interpretation and construction has been generally recognized and acquiesced in to such an extent that legislative knowledge of it may be inferred, the legislature may be presumed to have adopted the construction put upon the language by such courts or departments when again using the same language in re-enacting legislation. But the rule cannot be said to go to the extent of binding this court to a construction put upon the language by inferior or intermediate courts or governmental departments prior to re-enactment in instances where the language involved seems clear and unequivocal to this court.

The case of *Burke* v. *Lukens* has not only been criticized by our own Appellate Court, but by courts of last resort in other jurisdictions. As indicated in the principal opinion, we feel that the construction placed upon the language in question is erroneous and unjustified. If we presume that the legislature knew of the case of *Burke* v. *Lukens,* we must also presume that it knew at the time that it passed the Act of 1923, upon which appellees' lien depends, that the Appellate Court

had afterwards repudiated the opinion, and that it had been criticized elsewhere. Under such circumstances, it would be difficult to know which, if either, interpretation of the language by the Appellate Court was adopted by the legislature.

The case of *Burke* v. *Lukens* was comparatively unimportant, involving less than $100.00. At the time it was decided, there was no statutory provision for transferring cases from the Appellate Court to this court. It has been suggested, however, that even then opinions of the Appellate Court might have been reviewed by this court by writ of error. *Curless* v. *Watson* (1913), 180 Ind. 86, 102 N. E. 497.

Where a statute is specifically construed by a court of last resort and thereafter substantially re-enacted, the legislature will be presumed to have adopted the construction, but we are unwilling to extend the rule to the length of forever binding the legislature to a construction of a word or phrase by an inferior or intermediate court in a case in which this court has had no opportunity to review or disapprove the interpretation.

All of the liens involved accrued long after the reasoning in *Burke* v. *Lukens* had been repudiated by the Appellate Court in the Brownell Case, and criticized by several courts of last resort in foreign jurisdictions. Anyone examining such decisions for the purpose of finding an interpretation of the language of the statute must have been apprised of these facts, and of the fact that this court had not passed on the statute. Under such circumstances it is difficult to feel that the appellees acquired their liens confident that the words in question had acquired a settled meaning and that they were no longer open to construction.

Appellees point out that the record shows that appellees are entitled to foreclose their liens; that appel-

lant merely sets up its lien by answer. It appears that appellant's lien has not matured and that it has not sought a foreclosure, and that by the mandate of this court, the lower court must order the sale of the land to satisfy appellees' demands and still preserve appellant's lien, which is of equal, but not better, dignity. Many procedural difficulties involved in this situation are suggested.

But, since the liens are of equal right, the land may not be sold for the sole benefit of appellees, nor can there be judgment that appellees' liens are superior to appellant's. The foreclosure procedure is statutory, and, if it presents difficulties or is inadequate, the remedy must come through legislation.

Petition for rehearing denied.