**BAKELITE CORPORATION et al. v. NATIONAL ANILINE & CHEMICAL CO., Inc., et al.**

No. 284.

Circuit Court of Appeals, Second Circuit.
April 13, 1936.

Watson, Bristol, Johnson & Leavenworth, of New York City (Jos. N. Nielsen, of New York City, and Charles H. Potter and Ralph E. Parker, both of Washington, D. C., of counsel), for appellants.

Pennie, Davis, Marvin & Edmonds, of New York City (W. Brown Morton, Forbes Silsby, and George B. Campbell, all of New York City, of counsel), for appellees.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

This is a suit to obtain a patent, and purports to be filed in conformity with Rev.St. § 4915, as amended (35 U.S.C.A. § 63). The individual plaintiffs, Weiss and Downs, filed an application for letters patent. Bakelite Corporation is their assignee. The individual defendant, Punnett, also filed a patent application, and the corporate defendant is his assignee. These two applications were involved in an interference proceeding in the Patent Office which resulted in a decision by the Board of Appeals on February 13, 1934, awarding priority of invention to Weiss and Downs as to claims 1, 2, and 3, and to Punnett as to claims 4, 5, and 6. Each party filed with the Commissioner of Patents a notice of appeal and his "reasons of appeal." Thereafter Weiss and Downs filed a notice, as provided in section 59a,

35 U.S.C.A., electing to have further proceedings conducted as provided in section 63; that is, by bill in equity. In response to their election the commissioner entered an order dismissing Punnett's notice of appeal. Nothing was said or done with respect to their own notice of appeal. On August 13, 1934, the plaintiffs filed their bill to obtain a patent as to claims 4, 5, and 6. The defendants moved to dismiss on the ground that the District Court lacked jurisdiction because Weiss and Downs had taken an appeal from the adverse decision of the Patent Office to the Court of Customs and Patent Appeals, where it was still pending. The motion was granted, and the correctness of that ruling is the sole question presented here.

■ It cannot be doubted that the statute, as it now reads, means to give alternative remedies to an applicant to whom a patent has been refused. He may appeal, "in which case he waives his right to proceed under section 63 of this title" (35 U.S.C.A. § 59a); or he may have his remedy by bill in equity, "unless appeal has been taken from the decision of the board of appeals to the United States Court of Customs and Patent Appeals, and such appeal is pending or has been decided, in which case no action may be brought under this section." (35 U.S.C.A. § 63). Neither section 59a nor section 63 defines how an appeal is taken, but section 60 provides: "When an appeal is taken to the United States Court of Customs and Patent Appeals, the appellant shall give notice thereof to the commissioner, and file in the Patent Office, within such time as the commissioner shall appoint, his reasons of appeal, specifically set forth in writing." We entertain no doubt that this is what section 63 means by the phrase "unless appeal has been taken." Section 60 is identical with section 4912 of the Revised Statutes except as to the court to which the appeal may be had; and section 4912 was derived from section 11 of the Act of March 3, 1839 (5 Stat. 354), which provided that a party "shall have a right to appeal * * * by giving notice thereof to the Commissioner, and filing in the Patent Office, within such time as the Commissioner shall appoint, his reasons of appeal, specifically set forth in writing." This statute was construed in Greenough v. Clark, 10 Fed.Cas. page 1176, No.5,784 (C.C.D.C.), where Judge Morsell said: "From a careful examination of

the provisions of this statute, I am satisfied that the filing the reasons of appeal must be considered as essentially the appeal itself." In the subsequent re-enactment of the statute, substantially in the same form, this prior judicial construction, although rendered by an inferior court, is at least persuasive indication of the interpretation adopted by Congress. Becker v. General Chain Co., 273 F. 419, 423 (C.C.A.1); Central Paper Co. v. Southwick, 56 F.(2d) 593, 596 (C.C.A.6); The Devonshire, 13 F. 39, 42 (C.C.Or.); Trumbull Steel Co. v. Routzahn, 292 F. 1009, 1010 (D.C.N.D. Ohio); cf. Rea v. Keller, 215 Ala. 672, 112 So. 211, 212; Citizens' Trust & Savings Bank of South Bend v. Fletcher American Co., 207 Ind. 328, 190 N.E. 868, 192 N.E. 451, 452, 99 A.L.R. 1474, 1476; Texas Fidelity & Bonding Co. v. City of Austin, 112 Tex. 229, 246 S.W. 1026, 1028. Moreover, this construction finds support in the analogy of an appeal from a District Court to a Circuit Court of Appeals; such an appeal is "taken" when the notice of appeal with assignment of errors is filed in the court below. See In re Foster Construction Corporation, 49 F.(2d) 213, 214 (C.C.A.2).

■ The defendants rely upon the rules of the Court of Customs and Patent Appeals applicable to appeals from the Patent Office. Rule XXV requires a party desiring to appeal to file with the clerk a petition showing compliance with sections 60 and 61 of the statute and praying that his appeal may be heard for the reasons assigned therefor to the commissioner; he must also file a certified copy of the record; and rule V requires the payment of a docket fee. In our opinion these rules have to do with perfecting the record on appeal, like our own rules 13 and 14, rather than with what constitutes taking an appeal within the meaning of section 63. None of the cases cited with respect to the rules has held the contrary. Schmidt v. Tait, 42 App.D.C. 227; In re Hitchcock, 47 App.D.C. 251; In re Sherbondy, 35 F.(2d) 71 (Cust.&Pat.App.); Nelson v. Berry, 59 F.(2d) 351 (Cust.&Pat.App.). If we were concerned only with the rules of another court, we might be constrained to follow even dicta of that court, but in construing the statute we may exercise our own judgment. For the reasons already given we are convinced that an appeal was "taken."

We are also convinced that such appeal was pending and had not been decided. Section 59a provides that an adverse party to an interference may, within twenty days after the appellant has filed notice of appeal according to section 60, file notice with the commissioner that he elects to have all further proceedings conducted as provided in section 63; thereupon the appellant must file his bill in equity within thirty days, and in default thereof the decision appealed from shall govern the further proceedings in the case. The notice of election filed by Weiss and Downs affected only the Punnett notice of appeal. They were not an "adverse party" to their own notice of appeal. The statute gives an appellant no right to withdraw his notice of appeal; nor did they purport to. Accordingly, the appeal is still pending so far as this record discloses. Hence no suit could be brought under section 63, and the bill was rightly dismissed.

Decree affirmed.