GINGERICH *v.* STATE OF INDIANA.

[No. 28,618.   Filed June 19, 1950.]

Emmert, C. J., not participating.

*Robert B. Tartzog,* of Goshen, *Roscoe D. Wheat* and *James W. Grimes,* both of Portland, for appellant.

*J. Emmett McManamon,* Attorney General; *Charles F. O'Connor* and *Merl M. Wall,* Deputy Attorneys General, for appellee.

JASPER, J.—Appellant was charged by amended affidavit with refusing to send his son to public school under the compulsory school attendance law, § 28-505f, Burns' 1948 Replacement (1949 Supp.), Acts 1949, ch. 238, § 5, p. 789. The cause was submitted to the court on a plea of not guilty; and finding and judgment that appellant be fined $200 followed. The amended affidavit, omitting the formal parts, is as follows:

"Ruth Glassburn swears she is informed and believes that Chester H. Gingerich, on or about the 17th day of March, 1949, at and in the County of Jay, State of Indiana, being then and there the father of Joseph Gingerich, a child then and there more than the age of seven years but less than the age of fifteen years inclusive and residing in Jay County, State of Indiana, did then and there, he, the said Chester H. Gingerich, unlawfully fail, neglect or refuse to send the said Joseph Gingerich to public school then and there in session, during the full term thereof, although he, the said Chester H. Gingerich, did not then and there demonstrate and show that the said Joseph Gingerich was then and there provided with instruction equivalent to that given in such school, and although he, the said Chester H. Gingerich, did not then and there fail, neglect or refuse to send the said Joseph Gingerich to public school by reason of the mental or physical incapacity of the said Joseph Gingerich, contrary to the form of the Statute in such cases made and provided and against the peace and dignity of the State of Indiana."

Appellant assigns as error, among others, the overruling of his plea in abatement to the amended affidavit.

The original affidavit and the amended affidavit were filed under the act of 1949 (Acts 1949, ch. 238, § 5, p. 789; § 28-505f, Burns' 1948 Replacement [1949 Supp.]). Section one of the act (§ 28-505b, Burns' 1948 Replacement [1949 Supp.]) defines "child" as follows:

"As used in this act, the word 'child' shall mean and include every child in the State of Indiana *between the ages of seven and fifteen years inclusive* (our italics) except:

"(a) A child excused from school attendance under and by virtue of any other law of this state, but only during the time when such excuse is operative.

"(b) A child who is physically or mentally incapacitated from attending school as evidenced by

the certificate of a physician holding an unlimited license to practice medicine in Indiana."

Section 5 of the act (§ 28-505f, Burns' 1948 Replacement [1949 Supp.]) provides:

"It shall be unlawful for any parent to fail, neglect or refuse to send any child to public school during the full term thereof, unless such parent shall demonstrate and show that such child is being provided with instruction equivalent to that given in such public school."

The plea in abatement, omitting the formal parts, is as follows:

"That this defendant is charged by the State of Indiana by amended affidavit with violation of the recent act of the 1949 legislature, known as Senate Bill No. 249 dated February 11, 1949, relative to and concerning compulsory school attendance and providing penalty. That said act defines the word 'child' to mean and include every child in the State of Indiana between the ages of 7 and 15 years inclusive. The amended affidavit in substance charges the defendant with unlawfully failing, neglecting or refusing to send Joseph Gingerich, son of the defendant, and being then and there more than the age of seven but less than the age of fifteen years inclusive, to public school. The amended affidavit was filed on May 23rd, 1949, and the time of the alleged crime specified is March 17th, 1949.

"That Joseph Gingerich, son of the defendant herein, was born on June 25th, 1933, and that on June 25th, 1948, said child reached his fifteenth birthday anniversary. That on and as of March 17th, 1949, the date the amended affidavit alleges a crime, he was 15 years 8 months and 21 days old, and that he was 15 years 10 months and 28 days old on the date the amended affidavit was filed and sworn to before the prosecuting attorney.

"WHEREFORE defendant demands that said criminal action against him abate for the reason that said Joseph Gingerich was on the date the crime is charged, and on the dates the original and

amended affidavits were filed and sworn, a child more than 15 years of age, and as such does not fall within the age group alleged in the affidavit or in the statute, and therefore the defendant has committed no crime."

The plea in abatement was submitted to the court and evidence was heard, which evidence was undisputed and supported every material allegation. The affidavit and plea in abatement, supported by the evidence, raise the question of the construction of the statute as to whether or not a child who has passed his fifteenth anniversary of age comes within § 28-505b, Burns' 1948 Replacement (1949 Supp.). This was enacted in 1949 and superseded and took the place of § 28-505, Burns' 1948 Replacement. The pertinent part of § 28-505, Burns' 1948 Replacement, reads as follows:

"Unless otherwise provided herein, every child between the ages of seven (7) and sixteen (16) years shall attend public school or other school taught in the English language. . . ."

The rules for construing a statute are no different where a new statute is enacted and where a statute is amended. The court may look to the former acts in either case for construction. The court said, in *Dreves* v. *Oslo School Twp. of Elkhart* (1940), 217 Ind. 388, 395, 28 N. E. 2d 252, 254, 128 A. L. R. 1405, 1409:

"The cases announcing this rule, however, as well as all other cases dealing with statutory construction recognize the fundamental rule that the court, in construing a statute, must first seek to discover the legislative intent and that all other rules of construction are in aid of this fundamental rule. In determining the intention of the legislature 'the court will look to each and every part of the statute, to the circumstances under which it was enacted, to the old law upon the subject, if

any, to other statutes upon the same or relative subjects, whether in force or repealed, to contemporaneous legislative history and to the evils and mischiefs to be remedied.' *Haynes Automobile Co. v. City of Kokomo* (1917), 186 Ind. 9, 13, 114 N. E. 758."

This court has held that it is fundamental that penal statutes are to be strictly construed, and may not be extended by intent. *Loftus* v. *State* (1944), 222 Ind. 139, 52 N. E. 2d 488; *Caudill* v. *State* (1946), 224 Ind. 531, 69 N. E. 2d 549. And, as said in *Manners* v. *State* (1936), 210 Ind. 648, 654, 5 N. E. 2d 300, 303:

> "It is fundamental that penal statutes are to be strictly construed; that a statute in derogation of a common right and highly penal in character is only to be applied to cases clearly within its provisions; that penalties may not be created by construction, but must be avoided by construction unless they are brought within the letter and the necessary meaning of the act creating the penalty. This requires that where there is ambiguity it must be resolved against the penalty, and only those cases brought within the statute that are clearly within its meaning and intention."

This court has further held that it is a rule of statutory construction that a change of phraseology from that of the original act will raise the presumption that a change of meaning was also intended. *Chism* v. *State* (1932), 203 Ind. 241, 179 N. E. 718.

We find two conflicting lines of authority which interpreted a similar statute to our present one, the first of which is Michigan. The statute construed in the case of *Jackson* v. *Mason* (1906), 145 Mich. 338, 339, 340, 108 N. W. 697, 698, is as follows:

"Every parent, guardian, or other person in the State of Michigan having control and charge of any child or children between and *including* (our italics) the ages of seven and fifteen years, shall be required to send such child or children to the public schools during the entire school year. . . ."

This repealed a statute which provided:

". . . between the ages of eight and fifteen years, and in cities between the ages of seven and fifteen years."

The court said:

"The provision of the act repealed by this act relative to the age limit was, '. . . between the ages of eight and fifteen years, and in cities between the ages of seven and fifteen years.' . . . Acts 1901, This repealed the provision of a former act which was as follows: '. . . between the ages of eight and fourteen years and in cities between the ages of seven and sixteen years.' . . . Acts 1895.

"The only question in the case is whether the statute applies to children above the age of 15 years. The circuit court held that it did not, and error is alleged upon such holding. The contention of the relator is that it applies to children over 7 years and under 16 years of age. The words of the statute before us for construction are, 'any child or children between and including the ages of seven and fifteen years.' It is urged that to give any force to the word *'including'* the section must be construed to include children during the entire fifteenth year and until they become sixteen years old. We think to do so would be a doubtful construction and the court should hesitate to make an act a crime by such means. The statute is not ambiguous in designating the age limit between the ages of 7 and 15 years. The word 'including' has no force to extend that limit beyond the time specifically designated. A child over 15 years of age is not between the ages of 7 and 15 years, and therefore not within the provisions of the act."

See, also, *Butler* v. *State* (1917), 81 Tex. Crim. Rep. 167, 194 S. W. 166; *Thompson* v. *Commonwealth* (1923), 201 Ky. 19, 255 S. W. 852; *Gibson* v. *People* (1909), 44 Colo. 600, 99 Pac. 333.

The second line of authority is Tennessee. It was said by the court, in the case of *Covell* v. *State* (1921), 143 Tenn. 571, 572, 573, 227 S. W. 41:

> "Compulsory education of children in Tennessee is required by . . . Acts of 1913, as amended by . . . Acts of 1919, which provides as follows:
>
> " 'Every parent, guardian, or other person, in the State of Tennessee, having charge or control of any child between the ages of seven and sixteen years, inclusive, shall cause such child to be enrolled in and attend some day school, public, private, or parochial, for the entire term of school. . . .' "

The child involved in this case was a girl of sixteen years and six months of age. The father was charged with failure to require her attendance at school. The defense was that the child had passed her sixteenth birthday. The court said:

> "We think the language used, 'between the ages of seven and sixteen years, inclusive,' is entirely free from ambiguity, and that no extended discussion of statutory construction is required to arrive at the intention of the legislature. The words are to be taken in their usual and ordinary acceptation, and, so considered, must apply to children in their seventh, sixteenth, and intermediate years, as these respective ages are customarily referred to. It is technically true that one reaches a particular age at a fixed or certain point of time, but, having attained the designated birthday, one's age as ordinarily alluded to, continues as of the latter birthday until the succeeding one is reached. Thus at common law a person's majority was reached on the day preceding the anniversary of his or her birth, and, literally speaking, one is of the exact age of twenty-one years for only one day, but in

common acceptation one's age is spoken of as twenty-one until the arrival of the twenty-second birthday—the year, and not the day, being the unit of measurement.

"It is to be seen that the act provides a certain penalty for the first violation of its provisions, and increased penalty for the second and subsequent violations, and it is manifest that, if the construction contended for on behalf of the plaintiff in error is maintainable, there could be but one violation for failure to compel the child's attendance during the sixteenth year; it being of that age for one day only. But, if interpretation were necessary, it is found that the meaning of the word 'inclusive' is defined in Webster's International Dictionary to be:

" 'Inclosing, encircling; (2) comprehending the stated limit or extremes; as from Monday to Saturday, inclusive, that is, taking in both Monday and Saturday.'

"Hence the use of the word in the statute clearly denotes the intent to comprehend the full period of a child's sixteenth year. . . ."

In deciding the question here presented, desirability as to legislation is not a question or problem that this court can decide. We cannot sustain or set aside a measure purely because it is desirable or undesirable. This problem is for the Legislature. The 1949 Legislature of our State presumably intended some change by the new act, since it changed the compulsory school age of children from the ages of seven to sixteen years to seven to fifteen years, inclusive.

It is to be remembered that a child when born is in its first year, and at the end of that year is one year old, and so on until he arrives at his fourteenth anniversary, and is then in his fifteenth year. At the end of that year he becomes fifteen years of age, and immediately thereafter starts into his sixteenth year. The statute is not ambiguous in desig-

nating the age limit between the ages of seven and fifteen years. The word "inclusive" can only mean the years between the seventh and fifteenth years, and would include the seventh anniversary of a child's birth and the fifteenth anniversary of his birth, and would not include the period between his fifteenth and sixteenth year. The construction placed on this statute is not a new one. For thirteen years the same construction was placed on a similar statute in Indiana by the State Superintendent of Public Instruction. The 1901 Legislature passed an act for compulsory education (Acts 1901, ch. 209, p. 470), section one of which provides as follows:

". . . every parent, guardian, or other person in the State of Indiana, having control or charge of any child or children between the ages of seven (7) and fourteen (14) years, inclusive, shall be required to send such child or children to a public, private or parochial school. . . ."

This statute was interpreted by the State Superintendent of Public Instruction for the State of Indiana, in the compilation of The School Law of Indiana, With Annotations, and the State Constitution, for the year 1907, at page 327. After setting out the above statute in full, the ruling of the State Superintendent of Public Instruction was as follows:

"1. Fourteenth Birthday. After it has attained its 14th birthday—counting as its first birthday the day on which it becomes a year old—a child is not subject to the compulsory education law."

And this construction was followed and practiced throughout the life of this statute.

In the case of *Citizens T. & S. Bank* v. *Fletcher American Co.* (1934), 207 Ind. 328, 334, 190 N. E. 868, 192 N. E. 451, 452, the court said:

"In construing a statute the effort of this court is to determine the legislative intent. Where words in a statute are of doubtful import, this court will give consideration to the construction that may have been put upon the statute by inferior or intermediate courts, or by governmental departments, and, if such interpretation and construction has been generally recognized and acquiesced in to such an extent that legislative knowledge of it may be inferred, the legislature may be presumed to have adopted the construction put upon the language by such courts or departments when again using the same language in reenacting legislation."

The use of the word "inclusive," as interpreted herein, does not extend the limit beyond the time specifically designated.

With the above to assist us in arriving at the intent of the 1949 Legislature, we have determined that a child who has passed his fifteenth birthday is not subject to the compulsory school attendance law of the State of Indiana.

It was error to overrule appellant's plea in abatement.

Judgment reversed, with instructions to enter judgment abating the action.

Emmert, C. J., not participating.

NOTE.—Reported in 93 N. E. 2d 180.